# Richmond.

## BEARD'S ADM'R v. CHESAPEAKE & OHIO RY. CO.

### DECEMBER 7th, 1893.

1. BRAKEMAN—*Action for injury—Declaration.*—In action against railroad company for the negligent killing of plaintiff's intestate, the declaration substantially averred that it was the duty of the company to have and maintain safe, sound, and suitable brakes to the cars on which the intestate was assigned to duty ; that the company was guilty of negligence in suffering the brakes to the cars on which the intestate was employed at the time of his death to become so worn and broken as to be incapable of stopping the train as quickly as otherwise they would have done, and that the intestate's death resulted directly from this negligence on the part of the defendant company :

HELD :

   The declaration is sufficient in law.

2. CASES—*Compared and distinguished.*—The facts in the case of *Clark's adm'r* v. *Railroad Co.*, 78 Va., 700, are dissimilar from the facts in the case at bar except that in both cases the death was caused by collision with an overhead bridge.

Error to judgment of circuit court of Alleghany county, rendered August 16, 1891, in an action of trespass on the case, wherein E. T. Beard's administrator was plaintiff and the Chesapeake and Ohio Railway Company was defendant.    The defendant having demurred to the plaintiff's declaration, and the court having sustained the demurrer, the plaintiff brought the case here on a writ of error.    Opinion states the case.

*John L. Lee* and *B. T. Gordon,* for plaintiff in error.

*R. L. Parrish* and *W. J. Robertson,* for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record exhibited that the defendant company demurred to the declaration and to each of the four counts thereof; and that the court, by its judgment aforesaid, sustained the said demurrer and dismissed the suit.

The facts of the case, as they are alleged in the declaration and admitted by the demurrer, are substantially and materially as follows: E. T. Beard, the plaintiff's intestate, some time in the year 1889 was employed by the Chesapeake and Ohio Railway Company and assigned to duty as a front brakeman on its freight trains passing through the county of Alleghany. One of the duties of the said Beard was to respond to and obey the signals given by the engineer of the locomotive propelling any freight train to which he might be assigned; and, in so doing, to pass over the tops of the cars when in motion, in order to apply the brakes thereto attached whenever necessary to stop or check the speed of the said train. At an early hour (3:35 A. M.) of the 26th day of February, 1890, it being then dark and cloudy and stormy, one of the defendant company's freight trains, upon which the said E. T. Beard, deceased, was employed as a brakeman, was approaching from the west a station upon the said company's railroad called "Backbone," in Alleghany county, when the engineer in charge gave, in quick and rapid succession, certain alarm-whistle signals, which implied and were a command to the deceased to apply the brakes to that part of the train to which he had been assigned in order that the said train might be stopped and brought to a standstill as quickly as possible; when the deceased, responding to the signals so given him, proceeded to apply the brakes to his section of the train, and in so doing was obliged to pass, and did pass, over the tops of the cars from the front towards the rear end of the train. The brakes attached to sundry cars in his section of the train were in a worn, broken, and defective condition, and incapable,

when applied, of stopping the train as surely and quickly as they would have done had they been in good and effective working order. Owing to the defective and ineffective condition of the said brakes, the train, instead of being stopped, was carried, despite the brakes, with great speed and force under a low bridge spanning the railroad track, by collision with which the deceased, who was in the active and diligent discharge of his duty obeying the signal and command to apply the brakes, was knocked from the top of the car on which he was so engaged, thrown to the track beneath, run over by the train, crushed and killed. But for the worn, broken, and defective condition of the brakes aforesaid, the train, or that part of it on which the deceased was stationed, would have been stopped and brought to a standstill before reaching the bridge, and the plaintiff's intestate would not have been killed. His death was occasioned by the negligence of the defendant company in permitting the brakes on its cars aforesaid to become worn, broken, and inefficient, and in consequence of the said death the plaintiff was injured and damaged to the extent of $10,000. The question presented for the determination of this court is whether the facts, distinctly and pointedly set forth in the declaration (which is admittedly faultless in form), entitled the plaintiff to maintain his action ?

The *gravamen* of the action is the negligence of the defendant company, specifically charged in the declaration to consist in the non-performance of a legal duty owing by the defendant company to the plaintiff's intestate, by commission or omission, and the injury resulting to the plaintiff's intestate by the defendant company's non-performance of that duty. Patterson's R. R. Accident Law, 6–7.

It is averred in the declaration that there was a legal obligation resting upon the defendant company to provide and maintain safe, sound, and suitable brakes on the cars upon which Beard might be assigned to duty; and that it was in consideration of this obligation that the deceased went into the service

of the defendant company; that the defendant company was guilty of negligence and of the non-performance of its legal and contract duty in suffering the brakes attached to the cars of the train on which the deceased was employed on the night of his death, to become and be in such a worn and broken condition as to be incapable of stopping the train as quickly as otherwise they would have done; and that the death of the said Beard, plaintiff's intestate, directly resulted from this negligence and non-performance of duty on the defendant company's part.    Every essential fact requisite to constitute actionable negligence, is distinctly charged in the declaration and admitted by the demurrer.    Notwithstanding these positive and sufficient averments in the declaration, the circuit court sustained the demurrer and dismissed the plaintiff's suit.

The facts in the case of *Clark's Administrator* v. *R. & D. Railroad Company*, 78 Va. (Hansbrough), were wholly dissimilar from the facts of the case under review—the only point of resemblance being that in both cases the death of a brakeman was occasioned by collision with an overhead bridge.    It was held in *Clark's Case* that his negligence in failing to observe the bridge under which the train had to pass upon a moonlight night, and his failure to stoop down and avoid the collision, when there was no occasion or necessity for standing in an upright posture while coming to and passing under the bridge, were the proximate cause of his death; and that the bridge was a peril, incident to the employment, contemplated by the contract, the open, obvious, and dangerous character of which the deceased had an opportunity to ascertain, and the risk of which he assumed; and it did not appear that he was, at the time that he was struck and killed by the bridge, engaged or engrossed in the active discharge of any duty or requirement which prevented or hindered the exercise of his mental and bodily caution.

In this case Beard is alleged in the declaration to have been struck and thrown from his train and killed by an overhead

bridge which he could not see, on a dark night, and because his back was turned towards the bridge and his mind and body actively engaged in the effort to apply the brakes and stop the train before it reached the bridge in obedience to the rapidly repeated alarm-whistle signals given by the engineer. He had the right to assume that the brakes, when applied, would stop the train before it reached the bridge; and it is expressly averred in the declaration that they were out of order, worn, and inefficient, and that they would have stopped the train and have saved the life of the deceased, if they had been in due order; that he was ignorant of the inefficiency of the brakes; and that the negligence of the defendant company in failing to keep the brakes upon its cars in safe condition, was the proximate cause of the death of the deceased. " The duty of inspection is affirmative, and must be continuously and positively performed." *Goodman* v. *R. & D. R. R. Company*, 81 Va. (Hansbrough), 586.

In the case at bar, the brakeman Beard, did not, by his contract of service, assume the risk of injury caused by defective machinery which it was the duty of the defendant company to keep in good repair, of the broken condition of which, it is averred, he was ignorant, and which he had a right to assume had been duly inspected.

The circuit court of Alleghany erred in sustaining the demurrer and dismissing the plaintiff's suit; and our decree is to reverse the judgment complained of and to remand the case with instructions to the circuit court to overrule the demurrer, and try the case upon its merits.

LACY, J., dissented.

JUDGMENT REVERSED.