JAMES A. FEELY *vs.* PEARSON CORDAGE COMPANY.

Suffolk.   March 20, 1894. — May 18, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Due Care — Assumption of Risk.*

A person had been employed for four or five weeks in the basement of a factory in the floor of which at one end was an open well four or five feet across and two or three feet deep, filled with water to within a few inches of the surface, and used for the purpose of catching the drippings of water formed by the condensation of steam in the engine which stood near. He was aware of the existence of the well, but was ignorant of its uses. In the course of his employment he had occasion to go to a barrel standing near the well to procure washers for his machine, and on one such occasion, while stooping to pick up a washer which had fallen to the floor at the side of the barrel from which it had been taken, he slipped and fell so that his legs went into the water in the well and were scalded. *Held*, that it was an injury of which he assumed the risk, and that he could not maintain an action therefor. *Held, also*, that it was immaterial that he did not know the precise extent or character of the injury which he would sustain if he fell into the well.

TORT, for personal injuries occasioned to the plaintiff by falling into a well of hot water in the defendant's factory. Trial in the Superior Court, before *Corcoran*, J., who resigned shortly thereafter, and by the agreement of counsel a bill of exceptions was subsequently allowed by *Bond*, J., in substance as follows.

The plaintiff prior to the accident, which occurred on April 22, 1892, had been employed by the defendant for four or five

weeks in the basement of its factory on a roping machine. In the floor of the basement, at one end, was an open tank or well four or five feet across and two or three feet deep, filled with water to within a few inches of the surface of the basement floor. The well was used to catch the drippings of water formed by the condensation of steam in the engines which were near it. It was uncovered, and the floor about it was wet and slippery. From the well the water ran through an overflow pipe into the sewer. For most of the time that the plaintiff worked for the defendant he knew of the well, but was ignorant of the purpose for which it was used. In the course of his employment he had occasion to go to a barrel, which, according to different witnesses, stood from three to ten feet from the well, to get washers for his machine. On the day of the accident, at about half-past ten o'clock in the forenoon, he had placed his tea on a pump which was about two feet from the well to be heated, and as he returned from heating his tea he stopped at the barrel to get some washers out of it, and as he stooped to pick up one which had fallen to the floor he slipped and fell, and both of his feet went into the well, and his legs were scalded up to the knees.

At the close of the evidence the defendant requested the judge to rule that the action could not be maintained. The judge declined so to rule; and the jury returned a verdict for the plaintiff. The defendant alleged exceptions.

*J. Lowell, Jr. & S. H. Smith,* for the defendant.

*E. Greenhood,* for the plaintiff.

MORTON, J. For most of the time during the four or five weeks that the plaintiff had been working for the defendant he had known of the well. Sometimes the barrel from which he got the washers was nearer to, and sometimes farther from it. The defendant was under no obligation to the plaintiff to cover the well or keep the floor dry. *Murphy* v. *American Rubber Co.* 159 Mass. 266, and cases cited. The danger of slipping or of falling into the well was an obvious one, and the plaintiff must be held to have assumed the risk. It does not matter that he did not know the precise extent or character of the injury which he would sustain if he fell into the well. Such a test would introduce an impracticable element into the doctrine of assumption of the risk. It is enough that he knew that he might fall

into the well, and continued at his employment without objection. He must be held to have assumed the risk of whatever injury he might receive by falling into the well. It is not necessary to consider whether the plaintiff was in the exercise of due care, or was acting within the scope of his employment.

*Exceptions sustained.*