JEREMIAH O'NEIL *vs.* GEORGE H. KEYES & another.

Suffolk.    March 8, 1897. — May 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Assumption of Risk.*

A workman, who has been employed in different capacities for several months by a contractor who has a track on which he runs cars by means of a locomotive engine, cannot maintain an action for injuries occasioned, while he was trying to block the wheels of the engine, by falling and catching his glove on a spike which projected two or three inches from one of the sleepers just inside the track, if it appears that he was familiar with the work he was called upon to do, that he knew the danger of slipping if he failed to block the wheel, and that he knew that the sleepers were second-hand sleepers and he had seen spikes in some of them while the sleepers were in piles; and it is immaterial that he did not know of the particular spike which caused the injury.

TORT, for personal injuries occasioned to the plaintiff while in the defendants' employ. Trial in the Superior Court, before *Maynard*, J., who, at the close of the evidence for the plaintiff,

directed a verdict for the defendants; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*S. A. Fuller & C. H. Blood*, for the plaintiff.

*S. H. Tyng*, for the defendants.

LATHROP, J. The plaintiff was in the employ of the defendants, who were contractors engaged in the filling of a street in Boston. They had a gravel bank in Allston, and had a track half a mile long, on which they ran cars by means of a locomotive engine. The road near the bank was on a very steep grade. When the engine reached the spot where the plaintiff was, the engineer cried out, " Block her if you want her to stay." The plaintiff took a piece of wood about three feet long, and put it behind the forward driving wheel, so that the engine would back on to the block and stop. For some reason, which does not clearly appear, the plaintiff did not succeed in stopping the engine, but the wheel so caught the wood which he was holding that he was thrown towards the head of the engine, and he fell with one hand across the rail, forward of the driving wheel. He had on a glove which caught on a spike which projected two or three inches from one of the sleepers. The spike was about two inches from the rail towards the centre of the track. Before he could extricate himself the wheel ran over his hand, the engineer having reversed his engine. The plaintiff testified that he could have got his hand away if the spike had not been there. The spike is the defect complained of.

The sleepers used were second-hand sleepers, taken from other railroads, and in some cases the spikes which were in the sleepers were not removed when brought to the defendants. The exceptions state that the rails and sleepers, though second hand, were suitable for the use to which they were put by the defendants.

The plaintiff had blocked the engine more or less before ; and he testified that some one was expected to block the driving wheel every time the engine was on that grade ; that he supposed that the thing that happened to him was one of the accidents of railroading, and there was nobody excepting himself who had anything to do with controlling the blocking ; and that he understood perfectly the theory of blocking.

It further appeared in evidence, that the sagging of the track required the insertion occasionally of additional sleepers, which

were thrust in under the rails. There was no evidence when the sleeper which had the spike in it at the time of the accident was put in, or whether the spike was in it when it was put in.

The plaintiff had been in the employ of the defendants for several months, working in different capacities. He was familiar with the work he was called upon to do. He knew the danger of slipping, if he failed to block the wheel. He knew that the sleepers were second-hand sleepers, and he had seen spikes in some of them while the sleepers were in piles. That he did not know of the particular spike which caused the injury is immaterial. He must be held to have assumed the risk. *Murphy* v. *American Rubber Co.* 159 Mass. 266. *Feely* v. *Pearson Cordage Co.* 161 Mass. 426.                        *Exceptions overruled.*