Rose Tenanty, administratrix, *vs.* Boston Manufacturing Company.

Suffolk.   January 13, 1898. — February 25, 1898.

Present: Field, C. J., Allen, Knowlton, Lathrop, & Barker, JJ.

*Loss of Life — Master and Servant — Assumption of Risk — Action — Evidence.*

A person, who has worked for his employer as a carpenter for ten years, and in another factory as a carpenter previously, and has also worked on a circular saw for three years, and who is injured, while sawing hard pine boards longitudinally with this saw, by a narrow strip which remained after sawing from the board all the strips of the desired width coming upon the teeth on top of the saw and being thrown violently forward upon him, the saw having no guard, must be held to have known and appreciated the risk of using the saw, and to have voluntarily assumed such risk; and no action can be maintained against his employer for the loss of his life resulting from his injuries.

If a person knew and appreciated the risk of using a circular saw without a guard, and voluntarily assumed such risk, at the trial of an action for the loss of his life resulting from injuries received while using the saw, evidence offered to show what kind of guards are sometimes used on circular saws is immaterial.

In an action for causing the death of a person, who was injured while using a circular saw without a guard, the question "whether or not the possibility that the stick will connect with a saw where there is no guard is something that a person who is not skilled in the use of saws of this description would know," is rightly excluded, it not appearing that the plaintiff's intestate was not skilled in the use of such saws.

Tort, by the administratrix of the estate of Michael Tenanty, under the employers' liability act, St. 1887, c. 270, for causing his death. Trial in the Superior Court, before *Gaskill*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. H. Drew,* (*A. M. Lyman* with him,) for the plaintiff.

*R. M. Saltonstall,* for the defendant.

Knowlton, J. The plaintiff's intestate, while sawing hard pine boards longitudinally with an ordinary circular saw, was struck by a narrow strip of board which remained after sawing from the board all the strips of the desired width, and which, through the negligence of an attendant behind the saw at the other end of the table, or from some other cause, came upon the teeth on top of the saw and was thrown violently forward upon

the plaintiff's intestate, injuring him so that he died. The saw was without a guard. He had been in the service of the defendant as a carpenter for ten years. It does not appear when the saw was procured, or whether the risk from working upon it was one of the obvious risks of the business which he assumed by making the contract for service under which he was working at the time of the accident.

Before considering the questions in regard to the alleged negligence of the defendant and the care of the plaintiff's intestate separately, we properly may inquire whether it appears as matter of law that the plaintiff's intestate voluntarily assumed the risk of such an accident as happened, looking at the condition of affairs while the work was going on. Under the decisions in this Commonwealth, if he knew and appreciated this risk, and continued to work for the length of time and under the circumstances that appear in this case, he must be held voluntarily to have assumed it, so that his share in the responsibility for the accident charges him with negligence and precludes him from recovery, if the use of the saw by the defendant constituted negligence. If this appears, it is unnecessary to determine separately the questions whether the defendant was negligent and whether the plaintiff was in the exercise of due care. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Mahoney* v. *Dore*, 155 Mass. 513. *Quigley* v. *Thomas G. Plant Co.* 165 Mass. 368. *O'Neil* v. *Keyes*, 168 Mass. 517.

The risk that a strip of hard board which might fall upon the teeth of a rapidly revolving saw would be thrown violently forward was obvious to every one. The plaintiff's intestate could not have looked at the saw and observed the rapidity of its motion for a moment without knowing of this probable effect. Although he probably did not expect to be struck in a vulnerable part with such force as to cause death, the possibilities were manifest. He was fifty-one years of age. He had not only worked for the defendant ten years as a carpenter, but he had worked in another factory as a carpenter previously. For at least three years he had worked on this saw and other similar saws in the defendant's shop, and he had undoubtedly been familiar with circular saws most of his life. The plaintiff's evidence shows conclusively that he was familiar with the operation of such

saws, and knew and appreciated the risk of using them as this was used. In *Hanson* v. *Ludlow Manuf. Co.* 162 Mass. 187, the question was different. It was whether a boy unfamiliar with circular saws needed instruction. The doctrine of that case is not to be extended.

Inasmuch as the plaintiff knew and appreciated the risk, and voluntarily assumed it, evidence offered to show what kind of guards were sometimes used on circular saws was immaterial. The question " whether or not the possibility that the stick will connect with a saw where there is no guard is something that a person who is not skilled in the use of saws of this description would know," was rightly excluded. There was no evidence that the plaintiff's intestate was a person not skilled in the use of such saws. Moreover, the evidence before the court showed that it was a subject on which the jury did not need the aid of expert testimony.          *Exceptions overruled.*