## GIOVANNI DISANO *vs.* NEW ENGLAND STEAM BRICK COMPANY.

### PROVIDENCE—APRIL 7, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Plaintiff's employment required him to shovel clay into a machine, in front of which was an unprotected opening, and the floor around which was wet and slippery; during the employment he fell into the opening and was injured:—

*Held*, that by voluntarily consenting to work in the place described, knowing and appreciating the danger, he assumed the risk incident to the employment.

*Held*, further, that the fact that two causes contributed to render the place dangerous did not affect the question of the defendant's liability.

In the absence of circumstances calling for the master's special care, such as youth, inexperience, or want of knowledge of the machine, a servant who voluntarily continues in an employment involving obvious danger of personal injury which the master might have avoided but did not, takes upon himself all of the ordinary and obvious risks incident to the employment.

A master is not required to furnish for his servant a place of employment or a machine as free from danger as it can be made; he is only called upon to furnish a reasonably safe place and reasonably safe appliances.

But where a very dangerous machine is to be operated the master should take greater care to protect his servant from injury than where the machine is comparatively free from danger.

There is an exception to the general rule of assumed risks in cases of emergency where the service requires the exclusive attention of the servant and that he act with rapidity and promptness.

A declaration in such case, however, which does not allege facts constituting such exception, fails to state a cause of action.

TRESPASS ON THE CASE for negligence. Heard on demurrer to the declaration.

TILLINGHAST, J. This is trespass on the case for negligence. The declaration, briefly stated, sets out that the plaintiff was

in the employ of the defendant corporation at the time of the injury complained of, and that it was his duty to shovel clay into a certain machine used in the process of constructing brick; that in front of said machine was a large opening, directly under which, and inside of said opening, were two rolls used in connection with the process aforesaid, which said opening the plaintiff was obliged to pass in shoveling the clay into said machine; and also that it was the plaintiff's duty to shovel clay into said opening and onto said rolls. And the plaintiff avers that said opening was dangerous by reason of its being unprotected by any railing, and by reason of the fact that the floor around the same was wet and slippery because of the water and clay that would collect thereon in connection with the said shoveling. The plaintiff also avers that these facts were well known to the defendant; that it was its duty to keep the premises in a reasonably safe condition, and that it was also its duty to protect said opening by a railing or otherwise, so as to render it reasonably safe. The declaration further alleges that the defendant disregarded its duty in the premises, whereby the plaintiff while performing his duties, and while in the exercise of due care, *and while his duties were such as necessarily to direct his mind and attention from said opening*, fell into the same and was seriously injured.

The defendant has demurred to the declaration on the grounds (1) that it appears by the plaintiff's declaration that the danger from the unprotected condition of the opening of the machine, described in said declaration, was open to the observation of the plaintiff, and therefore any risk of injury incident thereto was voluntarily assumed by him; (2) that it appears by the plaintiff's declaration that the danger from the unprotected condition of the opening of said machine by reason of the wet and slippery condition of the floor around said opening, because of the collecting of water and clay thereon, was open to the observation of the plaintiff, and any risk of injury incident thereto was voluntarily assumed by him; and (3) that it appears by the plaintiff's declaration that the risk of the accident complained of therein was inci-

dent to the employment engaged in by the plaintiff, and therefore assumed by him.

We think the demurrer should be sustained. The danger from the opening complained of was clearly an obvious one, and was as well known to the plaintiff as to the defendant. And by voluntarily consenting to work in the place described, knowing and appreciating the danger, he must be held to have assumed the risk incident to the employment. Moreover, we fail to see that the fact that two causes, viz., the wet and slippery condition of the floor and the unprotected opening, contributed to render the place dangerous affects the question of the defendant's liability, as each of these conditions was well known to the plaintiff. *Murphy* v. *Rubber Co.*, 159 Mass. 266 ; *O'Neil* v. *Keyes*, 168 Mass. 517. He knew of the opening ; he knew of the condition of the floor in front thereof, and he evidently appreciated the danger arising therefrom, as his declaration sets out fully and clearly the hazardous situation in which he consented to work. Nor does the plaintiff allege that he had ever complained to his employer with reference to the unprotected machine in question, or made any objection to using the same in its then present condition. The case stated, then, at the most, is that of a servant voluntarily continuing in an employment involving obvious danger of personal injury, which the master might have avoided but did not. And in such a case, in the absence of some circumstance calling for special care on the part of the master, such, for instance, as the youth, inexperience, or want of knowledge of the machine, on the part of the servant, it is well settled that he takes upon himself all of the ordinary and obvious risks incident to the employment. *Kelley* v. *Silver Spring Co.*, 12 R. I. 112 ; *Louisville & Nashville R. R. Co.* v. *Kemper*, 3 Amer. Neg. Rep. 147.

But the plaintiff contends that where the duties of the servant are such as to cause his attention to be diverted from the defect and danger, and the defect is *unnecessarily* dangerous, the master may not be relieved from responsibility for the consequences caused by such defect. Just what is

meant by "*unnecessarily* dangerous" in this connection we do not know. If the counsel means that a master is bound to furnish a place for his servant to work in, or a machine which he is to operate, which shall be as free from danger as it can be made, the contention is clearly untenable; for he is only called upon to furnish a reasonably safe place and reasonably safe appliances. If, on the other hand, counsel means that a master's duty in regard to the furnishing safe appliances for his servants is a relative one—that is, that where a very dangerous machine is to be operated he should take greater care to protect the servant from injury than where the machine is comparatively free from danger, then we agree with the contention. But whether a machine is so constructed or located as to be unnecessarily dangerous or not, the law of assumed risk would ordinarily be the same, provided the actual danger was fully known to and appreciated by the servant. The exception which the cases cited by the plaintiff make to the rule of assumed risks, namely, that where the duties of the servant are such as to cause his attention to be diverted from the unnecessary danger of his surroundings the master may be responsible if the servant is injured, although the danger is an obvious one, does not, in our judgment, apply to a case like the one before us. Thus in *Kane* v. *Northern Cent. R'y*, 128 U. S. 91, the plaintiff, who was a brakeman, discovered that the third car from the caboose had one step off at the end nearest the engine, and he immediately called the attention of the conductor to the fact. The conductor promised to drop that car at the coal yard or junction further on if, upon looking at the manifest, it did not contain perishable freight. When the train stopped some miles before reaching the coal yard, the plaintiff went to the caboose to eat his breakfast, and while he was doing so the train moved off. Plaintiff immediately started for his post of duty, which was on top of the cars, leaving behind his coat and gloves in the caboose. It was a very cold and stormy night, and the train was covered with ice and snow. In attempting to let himself down from the car from which the step was missing, which fact he had for the moment forgotten, he fell between

the wheels and had both his legs crushed by being run over. The court held that in the circumstances it was for the jury to say whether the plaintiff was guilty of negligence in not recalling, at the precise moment when he attempted to let himself down from said car, the fact that a step was missing therefrom.

In *Nadau* v. *Lumber Co.*, 76 Wis. 120, the plaintiff was inexperienced in the work which he was set to do, having been in the mill only five days when the accident happened, and it was only occasionally that his work required him to go near the unprotected cog-wheels by which he was injured. Moreover, the foreman, who employed the plaintiff and ordered him to work, did not in anyway point out to him the location of said cog-wheels, which were situated in a very narrow alley, or warn him as to their dangerous character, or in fact give him any instructions or warning whatever; and the plaintiff testified that he did not know of the existence of the cog-wheels. In these circumstances the court held that the defendant was clearly guilty of negligence in not furnishing a reasonably safe place for the plaintiff to do his work, and refused to disturb a verdict which had been rendered in his favor.

In *Plank, Adm'r*, v. *Hudson River Railroad Co.*, 60 N. Y. 607, it appeared that while plaintiff was engaged in the act of coupling cars he stepped into a sluiceway or trench, which ran under the tracks, and was injured. It was in the night-time, and there was snow on the ground. The court held that in view of the exigency, although the plaintiff knew of the defect, yet the evidence of the defendant's negligence was sufficient to require the case to be submitted to a jury.

In *Beard's Adm'r*, v. *Chesapeake & Ohio R'y Co.*, 90 Va. 351, the plaintiff, who was a brakeman, was thrown from his train and killed by an overhead bridge which he could not see on a dark night, and because his back was turned towards the bridge and his mind and body actively engaged in the effort to apply the brakes and stop the train before it reached the bridge, in obedience to the rapidly repeated alarm-whistle signals given by the engineer. The case also

shows that the brakes were defective and inefficient, and that they would have stopped the train and saved the life of the brakeman if they had been in proper repair.

These cases, and others to the same general effect, cited by plaintiff, are doubtless within a recognized exception to the general rule aforesaid. They are mainly cases of emergency, and are to the effect that it would be unreasonable to hold, as a matter of law, that in such cases the servant should be held to have assumed the risk even of an obvious defect or danger. In other words, that where the service to be performed is of such a character as to require not only the exclusive attention of the servant, but also that he should act with rapidity and promptness, it cannot be expected that he will always bear in mind the existence of the defect or danger, or be prepared at all times to avoid it. *Greenleaf* v. *Dubuque & Sioux City R'y Co.*, 33 Ia. 52 (59); *Railway* v. *Higgins*, 53 Ark. 458 (466); *Hannah* v. *Railroad*, 154 Mass. 529 (533).

As the plaintiff in the case at bar does not allege the existence of any exigency or unusual circumstance demanding his exclusive attention, or that any rapidity or promptness of action was required of him in the dischàrge of his duties, or any other fact which would bring the case within any well recognized exception to the general rule as to assumed risks, we think it is clear that the declaration fails to state a cause of .action against the defendant corporation.

Demurrer sustained.

*Edward D. Bassett and Edward L. Mitchell*, for plaintiff.

*Stephen O. Edwards, Walter F. Angell, and Seeber Edwards*, for defendants.