JOHN MILLARD *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.    January 27, 1899. — May 26, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Negligence — Assumption of Risk — Action.*

If A. is ordered suddenly by his employer's superintendent to go upon a pile of lumber, which has been erected for a temporary purpose in a careless manner under the supervision of the superintendent, and near which A. has been working for two days, but which he has not noticed, and when about to carry out the superintendent's order to pry off a piece of timber the pile gives way and A. is injured, the dangerous condition of the pile not being apparent, it is not a risk which he has assumed, but he may maintain an action for his injury, under the employers' liability act, St. 1887, c. 270.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries sustained by the plaintiff while employed as a carpenter by the defendant. Trial in the Superior Court, before *Hardy,* J., who, at the defendant's request, directed the jury to

return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. E. Hannigan*, for the plaintiff.

*G. H. Mellen*, for the defendant.

LATHROP, J.   The ruling of the court below in favor of the defendant was upon the ground that the risk was obvious, and that the plaintiff assumed the risk when he entered the employ of the defendant. We are of opinion that this ruling was wrong, and that the exceptions must be sustained.

There was evidence in the case that the pile of lumber which caused the injury was erected under the supervision of one Smith, a superintendent of the defendant, who carelessly ordered it to be done in a way which would be likely to cause it to tumble down, and who, when his attention was called to the matter, persisted in his own way of doing the job. There was also evidence that the plaintiff knew nothing about the manner in which the pile was built, until the moment of the injury. He worked near the pile for two days, building a fence, but he testified that he did not notice the pile. The pile was intended to remain but a short time, as the timbers were to be used in repairing a wharf.

In this condition of affairs, Smith ordered the plaintiff to get upon the pile, telling him "to get up there quick and throw that piece of timber into the water." The plaintiff went upon the pile, and, just as he started to pry off this piece of timber, the pile gave way, and the plaintiff was injured.

There was certainly evidence for the jury that the plaintiff was in the exercise of due care, and that the superintendent was negligent. This is not the case where an employee is injured by coming in contact with machinery near which he is working, as in *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278. Nor is it the case of a workman on a construction track laid on second-hand sleepers, where spikes are likely to occur, as in *O'Neil* v. *Keyes*, 168 Mass. 517, the cases principally relied upon by the defendant.

It is, however, argued that the plaintiff, if he had looked at the pile, would have noticed its dangerous condition, and, if he did not see it, he could have seen it and understood it if he had looked. This is assuming that the condition of the pile was

dangerous from a simple inspection. It does not appear from the evidence that its danger was apparent. It would be going far to say that the plaintiff should have known what was not apparent to the superintendent. But we do not think that the plaintiff, when he received the sudden order to go upon the pile, was bound at his peril to inspect it or to ascertain whether it was safe or not. To say, as matter of law, that the plaintiff assumed the risk in this case is going further than the court has gone in this class of cases, and further than we think it ought to go. *Burgess* v. *Davis Sulphur Ore Co.* 165 Mass. 71. *McKee* v. *Tourtellotte*, 167 Mass. 69. The danger in this case was owing wholly to an isolated act of carelessness on the part of a superintendent. This is not a danger which naturally grows out of the employment, or is necessarily incident to it. *Davis* v. *New York, New Haven, & Hartford Railroad*, 159 Mass. 532.                         *Exceptions sustained.*