ALBERT E. WHITE vs. WILLIAM H. PERRY COMPANY.

Suffolk.    November 13, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence*, Employer's liability.

In an action by a workman employed by a corporation, in the shipping of some old
railroad iron, against his employer, for injuries from a fall caused by the slip-
ping of a sleeper forming part of a temporary platform on which he was
standing while pushing a rail into a car which he was assisting in loading, it
appeared that the platform was made of four sleepers weighing about one
hundred and eighty pounds each, the lower two laid at right angles with
the track and the upper two laid parallel with the track and near it, and
that the sleepers were not spiked together. It further appeared that the
platform was constructed under the direction of one who could have been
found to have been acting as the defendant's superintendent, and the plaintiff
testified that he had nothing to do with putting the sleepers in position and did
not see the construction of the platform, heard no orders given about it, and
did not know that the top sleepers were not spiked down, supposing until the
time of the accident that they were secure. *Held*, that the jury were warranted
in finding that the platform, although temporary in its nature, was an appliance
provided by the defendant, through its superintendent, for the use of the men
who were engaged in loading the cars, and that the questions whether the super-
intendent was negligent in not fastening the sleepers together, whether the plain-
tiff assumed the risk of the accident, and whether he was in the exercise of due
care, were for the jury.

MORTON, J.    This is an action of tort for personal injuries
while in the employ of the defendant corporation and en-
gaged in shipping some old railroad iron. There was a ver-
dict for the plaintiff, and the case is here on exceptions by
the defendant to the refusal of the judge to rule as requested
that the plaintiff was not entitled to recover.

The plaintiff was assisting in loading a car with rails, and,
while standing on a platform made of sleepers, was in the act of
pushing a rail over the side of the car, when in consequence, as
he contended, of the slipping of one of the sleepers, his foot went
down, and the rail crushed his wrist against the side of the car
and broke it.   The platform was made of four sleepers weighing
about one hundred and eighty pounds each.   Two were laid on

the ground at right angles with the track, and two others parallel with the track placed upon them side by side and close to the track end of the lower ties. The platform was made so as to enable the men to reach the top of the sides of the car, and was temporary in its nature. It was constructed under the direction of one McIntosh, who, the jury could have found, was acting as the defendant's superintendent or foreman. The sleepers were not spiked together because, as he testified, "they were very heavy and it did not seem to be necessary so to do." There was contradictory testimony on the question whether the plaintiff assisted in putting the sleepers in position, McIntosh testifying that he did, and the plaintiff testifying that he had nothing to do with it, did not see any of the operation of constructing it, and heard no orders given, and did not know that the top sleepers were not spiked down, and supposed down to the time of the accident that they were all secure.

We think that the ruling was right and that the exceptions must be overruled. It was competent for the jury to find that the platform, though temporary in its nature, was an appliance provided by the defendant, through its superintendent, for the use of the men who were engaged in loading the cars with rails. And the question whether he exercised due care in making it as he did, or whether it should have been fastened together, was for the jury. *Millard* v. *West End Street Railway*, 173 Mass. 512. *Murphy* v. *New York, New Haven, & Hartford Railroad*, 187 Mass. 18. The jury could have found, and no doubt did find, that the plaintiff did not know that the sleepers were not fastened together. It could not, therefore, have been ruled as matter of law that the plaintiff assumed the risk of such an accident as occurred. The jury also could have found, as bearing on the question of the plaintiff's due care, that he had a right to rely upon the fact that the sleepers had been put there by the direction of McIntosh and that he would cause them to be securely placed. He was not bound to examine the appliance himself, and his failure to do so could not be imputed to him as negligence on his part. And, though the appliance was a simple one, it could not be ruled as matter of law that the risk of such an accident as occurred was so obvious, in

view of his ignorance as to the manner in which the sleepers were secured, that he must be held to have assumed it.

　　　　　　　　　　　　　　　　　　　*Exceptions overruled.*

*C. S. Knowles*, for the defendant.

*C. P. Sampson*, for the plaintiff.