**EVANS, Plaintiff-Appellant, v. DeCOLA et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5503. Decided November 1, 1956.

Barkan, Brown, Reeves, Dobbs & Crites, Morton Y. Reeves, of Counsel, Columbus, for plaintiff-appellant.

Jenkins, Williams, Wendt, Murray & Deeg, Gordon E. Williams, of Counsel, Columbus, for defendants-appellees.

(HUNSICKER, PJ, of the Ninth District; FESS and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

### OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County, Ohio.

James DeCola and Joseph J. DeCola, doing business as DeCola Motor Sales, herein called DeCola, operated a garage and gasoline station in Columbus, Ohio. Errett S. Evans, herein called Evans, operated the Evans Carry-Out Store adjoining the garage, which store he rented from DeCola.

Evans claimed that DeCola, in the repair of automobile motors in the garage without properly ventilating the premises, caused carbon monoxide fumes to enter the carry-out store at various times from August 19, 1952 to December 16, 1952. Evans said that on December 16, 1952, DeCola allowed or caused a motor to be operated in the garage and to discharge carbon monoxide fumes of a bluish-colored air into his store; he warned DeCola, who ceased such operation; later DeCola again began the operation of the motor and the fumes penetrated the Evans store; these fumes were inhaled by Evans, causing him to suffer carbon monoxide poisoning and serious injury therefrom. Damages are sought from DeCola for the claimed injuries.

A general denial was filed by DeCola. A trial resulted in a verdict and judgment for DeCola. Thereafter, an appeal was perfected to this Court.

The principal question involved concerns the propriety of the following special instruction given to the jury at the request of counsel for DeCola before argument. The Court said:

"I charge you that one who exposes himself to an obvious and appreciated danger, even though he should not appreciate to the full extent the possible consequences of the danger, assumes the risk of injury that may result to him therefrom, and if you find by a preponderance of the evidence that the plaintiff, Errett S. Evans, on the night of December 16, 1952, was aware of and appreciated the danger from the presence of gaseous fumes on the premises of the Evans Carry-Out and voluntarily exposed himself to said danger, then I charge you that he assumed the risk of injury from said condition and cannot recover from the defendants."

That portion of the charge which is strenuously objected to is the phrase "* * * even though he should not appreciate to the full extent the possible consequences of the danger."

An examination of the authorities shows that this charge is taken almost verbatim from the syllabus of the Supreme Court of Ohio in the case of **Davis v. The Somers-Cambridge Co., 75 Oh St 215.** No further direct authority is found in Ohio, although that case has been mentioned several times in subsequent cases.

In the case of **Gill, Jr., v. Arthur, 69 Oh Ap 386,** at p. 395, the Court followed a rule similar to the one set out above, although the Davis v. The Somers-Cambridge Co. case was not cited.

The Supreme Court of Ohio, in **Flynn v. Sharon Steel Corp., 142 Oh St 145,** at **pages 163, 164,** quote without comment, but with apparent ap-

proval, the rule set out in the Davis v. The Somers-Cambridge Co. case, supra, as found in 29 O. Jur. 536, Sec. 91. See also Fay v. Thrasher, 77 Oh Ap 179 at 185.

Judge Doyle of the Ninth District, while sitting in the Eighth District, in the case of Mudrich v. The Standard Oil Co., 87 Oh Ap at p. 17, affirmed 153 Oh St 31, said on the assumption of risk, that:

"We recognize as a rule of law that, independently of the relation of master and servant, there may be, under certain circumstances, a voluntary assumption of risk of a known danger which will preclude an injured person from recovery. This rule rests on the general principle expressed in the maxim, volenti non fit injuria. However, before the principle may be applied to a given set of facts, there must be evidence from which reasonable persons could reach different conclusions: First, that the injured person accepted a danger which was clearly understood and, second, that he had foresight of the consequences and a readiness to accept them."

The authors of Sherman and Redfield on Negligence, revised edition Vol 1, Sec. 135, at p. 332, state that:

"The essential elements of assumed risk are knowledge, actual or implied, by the plaintiff of a specific defect or dangerous condition caused by the negligence of the defendant in the violation of some duty owing to the plaintiff, the public or persons in his position, together with the plaintiff's appreciation of the danger to be encountered and his voluntary exposure of himself to it."

These same authors in Volume 2, Sec. 236, at page 594, state in a discussion of the assumption of risk by a servant employed to perform certain work that:

"* * * one who comprehends the danger is not excused by his inability to realize the full extent of the injuries which may possibly result therefrom."

An examination of authorities in other states, on the question, discloses that on the entire subject of the defense of assumption of risk, there is a paucity of case comment. The usual manner in which this subject is treated arises out of the employer's liability to an employee for injuries received while working at a place of obvious danger. The authority for the statement contained at page 594 in Volume 2, revised edition of Sherman & Redfield on Negligence, set out above, also arises out of the relationship of employer and employee. In one of the cases so cited, Feely v. Pearson Cordage Co., 161 Mass., 426, 37 N. E. 368 (1894) the Court said:

"The danger of stepping or falling into the well was an obvious one, and the plaintiff must be held to have assumed the risk. It does not matter that he did not know the precise extent or character of the injury which he would sustain if he fell into the well. Such a test would introduce an impracticable element into the doctrine of assumption of risk."

The rule of this case, so far as we have been able to discover, has not been overruled.

Of similar import is the case of Truntle v. North Star Woolen Mills Co., 58 N. W. 832 (1894) (Minnesota), although the employee in that case

was deemed guilty of negligence which contributed proximately to his injury. A search for later authority fails to disclose any cases wherein a change is made in the rule as thus announced. It may be noted that the Ohio case of Davis v. The Somers-Cambridge Co., supra, from which the charge under discussion herein was taken, was decided in 1906, twelve years after the cases cited by Sherman and Redfield as authority for their conclusion.

In the instant case, there was no request by counsel for additional instructions on the subject herein. There was no request that the instructions as given be amplified in the general charge.

We therefore determine that no error prejudicial to the rights of the appellant intervened when the trial court gave the special instruction before argument requested by the appellee.

We have examined all other claimed errors and find none prejudicial to the rights of the appellant.

The judgment will be affirmed.

FESS and DEEDS, JJ, concur.