## Mary A. McCafferty *vs.* Lewando's French Dyeing and Cleansing Company.

Suffolk.    January 11, 1907. — February 28, 1907.

Present: Knowlton, C. J., Morton, Loring, Braley, & Sheldon, JJ.

*Negligence,* Employer's liability. *Evidence,* Materiality. *Practice, Civil,* Exceptions.

A workman entering the employment of another person assumes all the obvious risks of that employment whether he knows of them or not. It is for him to determine whether he will make an examination of his place of employment before going to work or will take his chances.

A circular tank about five feet in diameter was placed in a square hole in the floor of a room forty feet by thirty or thirty-five feet where girls were employed to mend curtains. The bottom of the tank was about four feet below the floor and its top about five feet above the floor. There was an open space of about eighteen inches between one of the corners of the hole and the round surface of the tank. The employees were in the habit of getting water to drink from a pipe which ran into the tank. A girl on the first day of her employment, a little more than four hours after she had been put to work, felt thirsty and, having seen two other girls go to this pipe for water, went with two fellow employees to get a drink there. When she was stepping aside to make it convenient for one of her fellow employees who had taken the first drink to pass her, she fell into the hole and was injured. She did not see the hole because she did not look at the floor, but the hole would have been seen by any one who was looking on the floor. In an action against her employer for the injuries thus caused it was *held* that she could not recover, the risk being an obvious one which she assumed in going to work at that place.

In an action by an employee against his employer for an injury on the first day of the plaintiff's employment caused by his stepping into a hole in the floor of the room in which he was put to work, it is proper to exclude a question by the plaintiff to the foreman in charge of the defendant's building, whom he has called as a witness, asking him whether before the day on which the plaintiff was employed the opening was covered in any way.

The exclusion of a competent question is no ground for exception if the fact sought to be established by the answer to the question afterwards is proved and is assumed in dealing with the case.

In an action by an employee against his employer for an injury from an alleged
defect in the ways, works or machinery of the defendant there is no difference,
except in the amount to be recovered, between the liability under R. L. c. 106,
§ 71, cl. 1, and at common law, so that the exclusion by the presiding judge of
evidence offered by the plaintiff of notice under § 75 of the statute can do the
plaintiff no harm even if the notice offered was a good one.

LORING, J.   The plaintiff was employed by the defendant at
one o'clock in the afternoon on the eighteenth day of May, 1903,
and between five and six o'clock of the same day she met with
the accident here complained of.

She was set to work with other girls mending curtains, in a
room some forty feet by thirty or thirty-five feet.   Towards five
o'clock she felt thirsty, and having seen two other girls get a
drink of water from a tank, or a pipe running into a tank, she
went with two fellow employees to get a drink herself and fell
into a hole between the tank and the floor.   The tank was nine
feet in height and five feet in diameter.   It was (as we under-
stand the bill of exceptions) the section of a cylinder set on end.
The bottom of the tank was " set into a space $3\frac{1}{2}$ to 4 feet " be-
low the floor in question.   The top was therefore some five feet
above the level of the floor.   The hole in which this round tank
was set was a square one, and there was a space of about eigh-
teen inches between the corner of the square hole and the round
side of the tank.   The employees were in the habit of getting
water to drink as it ran from the pipe into the tank, the water
in the tank not being fit to drink.   Mrs. Daley, who with Miss
Conley was with the plaintiff (according to her testimony), first
took a drink.   Miss Conley asked the plaintiff if she wanted a
drink ; she said she did, and stepping to one side to make it
convenient for Miss Conley she fell into the hole.

The plaintiff testified that she did not see the hole but was
looking up and not on the floor.   Although the evidence was
overwhelming that the place in question was well lighted, there
was some evidence that it was not.   All the witnesses however
testified that the hole would be seen by any one looking on the
floor.   On this evidence the presiding judge directed a verdict
for the defendant.   There were some questions of evidence which
we shall state later on.

We are of opinion that the judge was right.

When the owner of real or personal property wishes to sell it,

414 MCCAFFERTY v. LEWANDO'S DYEING, &c. CO.    [194

he does not have to make it a good thing of its kind but can sell it as it is for what it is worth.

Again, when an owner lets property to another in place of selling it, he is under no obligation to put it in repair or make it better, but can let it as it is.

The same principle applies when an employer hires a person to work in his factory. He is under no obligation to make the factory a better one or change it in any other way. The employee takes it as it is. Or, as it usually is said, he assumes all obvious risks. Whether the employee in fact does or does not know of the risk is not the question and is not material. He assumes all obvious risks, even though they be unusual ones, (*McLeod* v. *New York, New Haven, & Hartford Railroad*, 191 Mass. 389,) and it is for him to determine whether he will make an examination before going to work or will go to work without making an examination and take his chances. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 159.

It is only in case the risk is not an obvious one that any duty is thrown on the employer, and the duty thrown on him in such a case is to give a warning.

On the uncontradicted testimony the hole in question in the case at bar would have been seen by any one who was looking on the floor. The case is very like *Hoard* v. *Blackstone Manuf. Co.* 177 Mass. 69; *Nealand* v. *Lynn & Boston Railroad*, 173 Mass. 42; *Kleinest* v. *Kunhardt*, 160 Mass. 230.

The difference between the case at bar and the cases of *Falardeau* v. *Hoar*, 192 Mass. 263, and *Hogarth* v. *Pocasset Manuf. Co.* 167 Mass. 225, relied on by the plaintiff, is plain. It is one thing to open a trap door and leave it unguarded, and another to maintain a hole all the time which is obvious to any one who looks on the floor in which the hole is. In *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, a ditch was dug subsequently so as to make it dangerous to use the track in question as it was used when the plaintiff entered the employment of the defendant.

The questions of evidence remain.

It was immaterial whether the hole had been covered over previously or not. The question to be tried was whether it was in the same condition at the time of the accident that it was in

when the plaintiff was employed at one o'clock on the same day, and whether the condition was an obvious one.   The question asked Bailey was rightly excluded.*

The plaintiff was not injured by the refusal of the judge to allow the plaintiff to ask the superintendent whether the employees were in the habit of drinking at the tank in question. That was proved afterwards, and we have assumed it to be the fact in dealing with the plaintiff's case.

So far as defects in the ways, works and machinery are concerned, there is no difference between the liability under the employers' liability act (R. L. c. 106, § 71, cl. 1) and at common law, except in the amount which can be recovered.   *Lynch v. Stevens & Sons Co.* 187 Mass. 397.   For this reason the plaintiff was not harmed by the exclusion of her notice, if it was a good one.

<em>Exceptions overruled.</em>

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiff.
*W. H. Hitchcock,* for the defendant.

---

* Bailey was the foreman of the defendant's cleansing house in which the plaintiff was employed, and was called by the plaintiff as a witness. The question excluded was whether before May 18, 1903, the opening was covered in any way.