ADOLF PEARSON *vs.* BOSTON GAS LIGHT COMPANY.

Suffolk.   November 16, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, Employer's liability.

An employer, who directs an employee to use a vise and wrench in fitting a piece of small gas pipe to an elbow, need not instruct the employee how to use the vise and wrench if the employee is thirty-nine years of age, has been in his employ for four years as a machinist, has been a machinist for sixteen years, and has used a vise " nearly every day of his life " and a wrench " off and on " during that time, although as a machinist he never had been called upon to use a pipe wrench on small pipe.

A hole twelve inches long, nine inches wide and five inches deep, in the floor at the end of a work bench and near the door of entrance and exit in a machine shop, which is eighty feet long and thirty feet wide with many windows, but the light in which is somewhat obscured by the presence of machinery and by dirt upon the window glass, the floor, which consists of planks laid on the ground without any fastening, having inequalities in its surface, is an obvious risk which is assumed by one employed in the shop, and if a machinist who has been em-

ployed in the shop for four years, in working with a wrench and vise at the bench, stumbles in the hole and is injured, he cannot recover from his employer either at common law or under R. L. c. 106, § 71.

TORT with counts under R. L. c. 106, § 71, cl. 1, 2, and at common law, for injuries alleged to have been received while in the employ of the defendant. Writ in the Superior Court for the county of Suffolk dated June 14, 1905.

The case was tried before *Harris,* J. The evidence referred to in the last paragraph of the opinion was as follows: The plaintiff had testified on cross-examination that as a machinist of sixteen years' experience he did not know when he was injured how to fit a wrench on to a round pipe, but that he did know how on the day of the trial. The defendant's counsel then asked him, handing him a pipe and a wrench, " Now show the jury how to put a wrench on that pipe, will you ? " Subject to an exception by the plaintiff, the presiding judge allowed the question to be answered by the plaintiff's placing the wrench upon the pipe.

Other facts are stated in the opinion. At the close of the evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. A. Taber & R. T. Parke,* for the plaintiff.

*W. H. Hitchcock,* for the defendant.

HAMMOND, J. While at work upon a bench in the defendant's workshop, trying by the aid of a wrench to fit an elbow to a piece of gas pipe, the plaintiff fell to the floor and was injured. Upon the evidence the jury may have found that the fall was caused by the slipping of the wrench or by a hole in the floor; and they could have found that the injury would not have happened if the hole had not been in the floor, or, in other words, that the hole in the floor was the proximate cause of the injury.

Even if it be assumed that the plaintiff was in the exercise of due care, still there is a fatal defect in his case. There is no evidence that the defendant failed in any duty it owed him. There was no trouble with the wrench or with the vise which held the iron. Nor can the plaintiff justly complain that he received no instruction as to the way in which to use the vise or the wrench. He testified that at the time of the accident he " was thirty-nine years old"; that he had been working at the

machinist's trade sixteen years; that while he had been a machinist he had used a machinist's vise almost every day of his life; that he had used wrenches off and on all that time; that he had used two kinds of wrenches; that he knew how these kinds of wrenches worked "; and " that a wrench is used to grip something, so that one can turn it "; and although he testified that the " machinist trade and the piping trade " were " distinct [and] two different lines," that he " never turned a round object with a wrench in his sixteen years' experience," and that " it was not in his line of work to use small iron pipe," still he had been in the employ of the defendant as a machinist for four years, and the defendant was fully justified in considering that so experienced a man needed no instruction how to use the wrench in the work he was called upon to do, and it owed him no duty to instruct in the matter. Indeed a self-respecting man of the experience of the plaintiff might well regard an offer to instruct in such a matter as an implied imputation upon his intelligence.

Nor did the defendant owe the plaintiff any duty about the hole in the floor. It is well in this connection to get a clear conception of the general character of the workshop. It was a machine shop. The room in which the defendant was at work was seventy-five to eighty feet long and about thirty feet wide. The floor consisted of planks laid upon the ground, which do not seem to have been fastened to anything. They were laid side by side, and manifestly there must have been inequalities in the surface of the floor. There were many windows in the room, but the evidence tended to show that the light was obstructed considerably by the machinery scattered about, and by the grease and dirt upon the glass. A large door through which the workmen passed to and from their work was near the place where the hole was. The hole was about twelve inches long, nine inches wide and five inches deep, and existed because one of the floor planks was a little short. As one witness described it, " There was two long planks and a short one. That makes the hole." The hole was "right by the end of the bench" at which the plaintiff was working at the time of the accident, and was " two feet beside the vise." The plaintiff had passed in and out of that door twice every working day. There was a small door which was a part of the large door, and sometimes

only the small door was opened as the plaintiff went in and out.

This hole was plainly to be seen and was one of the obvious risks of the business as carried on by the defendant, and we think that the defendant could not reasonably have anticipated the need of any information as to its existence, or the need of any warning to be careful. It was exactly what might be expected to exist in such a floor in such a room used for such purposes as was this room. There was no evidence of any change since the plaintiff entered into the defendant's employment. The case differs plainly from cases like *Falardeau* v. *Hoar,* 192 Mass. 263, and *Hogarth* v. *Pocasset Manuf. Co.* 167 Mass. 225, and others of a similar nature upon which the plaintiff relies. As said by Loring, J. in *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412, 414, " It is one thing to open a trap door and leave it unguarded, and another to maintain a hole all the time which is obvious to any one who looks on the floor in which the hole is." The present case must stand in the class with the case last cited, which see, with the cases therein cited.

In view of the ground upon which the decision of the case is placed, it becomes unnecessary to consider the rulings upon the admission and rejection of evidence. We see however no error in this respect.

*Exceptions overruled.*