MICHAEL CONNOLLY *vs.* GUY H. FURBUSH & others.

Middlesex.    January 12, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability, Evidence of.  *Evidence*, Competency.

A workman in a tannery, who has been employed there for seventeen months, assumes the risk of injury from falling through a hole in the floor, which is plainly visible to any one who looks at the floor, and which is one of a number of openings made in all the floors of the tannery by a former proprietor for the purpose of passing rolls of leather from one floor to another before an elevator was put in, and afterwards left there for ventilation and to dry leather by the passing of currents of hot air from the lower floor to the upper ones.

In an action by a workman employed in a tannery against his employer, for injuries from falling through a hole in the floor, which was one of a number of openings left in all the floors of the tannery for the purpose of drying leather by the passing of currents of hot air from the lower floor to the upper ones, evidence that after the accident the defendant adopted another method of carrying the steam heat from one room to another to dry the stock is incompetent.

BRALEY, J.    This is an action of tort at common law for personal injuries, and a verdict having been ordered for the defendant at the close of the plaintiff's evidence, the case is here on his

exceptions. The defendants own and operate a tannery in which the plaintiff had been employed some seventeen months before the accident "as a leather belt knife splitter." In the process of tanning, sides of leather were taken from a vat in the basement, and were loaded on a truck, which was transported by the elevator to the drying rooms, where the hides were taken out and were hung up on wooden racks to dry. While at work in the fourth story, and in the act of hanging one of the sides on a rack, the plaintiff stepped or fell through an opening. in the floor, receiving the injuries for which damages are claimed. The evidence as to his conduct immediately preceding his fall was that as he was reaching "up over his head to hang up the " hide, he fell or disappeared through the floor. But even if his due care could be inferred, the undisputed evidence abundantly shows that at the time of his employment this and similar openings were placed in all of the floors by the former owner for the purpose of passing rolls of leather from one floor to the other, and, after an elevator had been put in, they were used either for ventilation or for drying off hides by the passing of currents of hot air from the lower to the upper floors. These openings were not concealed, but were plainly visible to those employed, if they chose to look on the floor as they passed over it while at their work. It was said by one witness, "if looking for it it might be in plain sight," and there was no evidence that at any time it was concealed, even if there was a door or cover over it which in some way had become partially displaced at the time of the accident. It was for the plaintiff to decide whether he would enter the defendants' employment without looking over the factory, and this and other similar openings being obvious to the most casual observer, he assumed by his contract any risk attendant upon their forming a part of the works of his employer. The case cannot be distinguished in its principal features from *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412, by which it must be governed, and where it was held that under such conditions the plaintiff could not recover. See also *Pearson* v. *Boston Gas Light Co.*, ante, 176.

The evidence as to the method employed after the accident to pass steam heat from one room to another to dry the stock, being irrelevant either on the question of liability, or of damages,

was properly excluded. *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476, 478. *Perkins* v. *Rice*, 187 Mass. 28, 30.

*Exceptions overruled.*

*J. J. O'Connor*, for the plaintiff.
*M. O. Garner*, for the defendants.