JEFFREY IVESON *vs.* FRANKLIN W. PERRY & another.

Middlesex. January 15, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

A workman in a tannery, in which leather is transported from one part of the building to another by means of a truck suspended from an overhead rail, assumes the risk of injury, when he is pushing the truck loaded with leather, from its falling upon him by reason of a defect in the working of a switch in the rail, which he has turned himself, if the mechanism of the switch not only is simple and easily understood but also is plainly visible.

TORT under R. L. c. 106, § 71, for personal injuries sustained by a workman employed in the defendants' tannery in the town of Wilmington on December 24, 1903, by reason of a truck falling from an overhead rail upon the plaintiff's leg, with a first count alleging a defect in the ways, works or machinery of the defendants, and a second count alleging negligence of a person in the service of the defendant intrusted with and exercising superintendence. Writ dated March 29, 1904.

In the Superior Court the case was tried before *Sherman,* J.

The plaintiff was employed as a laborer and received $9 a week. He had worked for the defendants ten days before the accident happened. A part of the plaintiff's work was to carry hides from one end of the defendants' tannery to another. For this purpose an iron rail two inches wide and one quarter of an inch thick was hung near the ceiling, and on it was suspended a wooden truck six feet long by two and one half or three feet wide. The floor of the truck was two or three feet from the ground as it was pushed or pulled along the rail, which was about seven feet from the ground.

There were several rails running to different parts of the tannery, and a car was sent along one rail or another by means of a device called a switch. The switch consisted of a single piece of iron which revolved on a pivot and was operated by hand. It was capable of taking two positions, one of which made a continuous rail for what was called the main track, and the other connected the main rail with the side track. The switch was changed by the operator pulling down on a loop or spring which was fastened to a projecting piece of iron on the switch.

The plaintiff at the time of the accident had pushed a truck loaded with about six hundred pounds of leather to the point where two rails met. He passed around to the front of the truck and pulled the spring to set the switch for the main track as he had seen others do and as he had done many times before. He pulled the spring and heard the switch click, the usual sound which indicated that it had swung into position. He then grasped the rods in front of the truck, facing forward, and pulled it ahead. As the truck moved forward, the front wheels fell through an open space or break and the truck fell on the plaintiff's leg and broke it.

At the close of the plaintiff's case, the judge ruled that the action could not be maintained on the evidence presented, and ordered a verdict for the defendants. The plaintiff alleged exceptions, a stipulation of the parties being inserted in the bill of exceptions that, if the ruling of the judge was incorrect and the case should have been submitted to the jury, there should be judgment for the plaintiff in the sum of $1,000.

*T. Eaton,* for the plaintiff.

*W. H. Hitchcock,* for the defendants.

BRALEY, J.   The declaration is under R. L. c. 106, § 71, but as there was no evidence that the plaintiff's injury was caused by the negligence of any person intrusted by the defendants with superintendence, the plaintiff's case rests on the first count for defective ways, works or machinery.

The operation of the switch at the time of the accident was entirely within the plaintiff's control, and finding it set for the side track he changed it for the main track.   In some way not shown by the evidence, unless caused perhaps by insufficient oiling or the failure of the plaintiff properly to manipulate the spring, after having been set by him, as he asserted, in the usual manner, the switch partially opened, causing the car which he was hauling to be derailed.   It is assumed by the plaintiff that from this action of the switch the jury could find that it constituted a defect in the permanent ways of the defendant.   But it is not necessary to decide this question.   See *Mulvaney* v. *Peck*, 196 Mass. 95.

The evidence was uncontroverted, that the mechanism of this switch not only was simple and easily understood but also was plainly visible, and its general construction either was known to the plaintiff, or could have been ascertained by him readily upon casual observation while he was using the appliance during the time of his employment.   The switch having been, moreover, in the same condition at the time of the accident as it was when he entered the defendants' service, he assumed the risk which might be connected with its use as a part of the mechanical equipment of the defendants' factory.   *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.   *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412.

The verdict in the defendants' favor was ordered rightly.

*Exceptions overruled.*