HOWLAND PULP & PAPER CO. v. ALFREDS.

(Circuit Court of Appeals, First Circuit. May 25, 1910.)

No. 857.

1. COURTS (§ 276*)—JURISDICTION OF FEDERAL COURTS—DISTRICT OF TRIAL—WAIVER.

A corporation, sued by a nonresident in the Circuit Court for the Maine District as organized in that state, although in fact a citizen of another state, with the right to object to the jurisdiction of the court in that district, waives such right by entering a general appearance; and, as it has full knowledge of the facts it cannot avail itself of the objection after plaintiff has amended his declaration to correctly allege its citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*

Waiver of right as to district in which suit may be brought, see notes to Memphis Savings Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

2. TRIAL (§ 238*)—INSTRUCTIONS—REFUSAL OF REQUESTS.

The fact that language found in a requested instruction was copied from a judicial opinion does not necessarily render it error to refuse the request, since, as used in the opinion, it may be qualified by the text, and may not be correct as a general proposition.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 552, 562; Dec. Dig. § 238.*]

3. MASTER AND SERVANT (§ 267*)—ACTION FOR INJURY TO SERVANT—EVIDENCE.

In an action by an employé to recover for an injury received while tending a machine in defendant's paper mill, the admission of evidence that defendant's superintendent refused to allow plaintiff to go into the mill after the injury to examine the machinery *held* not error, under the circumstances of the case.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 267.*]

In Error to the Circuit Court of the United States for the District of Maine.

Action by Tor Alfreds against the Howland Pulp & Paper Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward C. Stone, for plaintiff in error.

Howard R. Ives, for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This was an action of tort brought in the Circuit Court for the District of Maine. The plaintiff below was injured while tending a paper-making machine. It is convenient to call the plaintiff below the plaintiff, and the defendant below the defendant. The verdict was for the plaintiff, and the defendant sued out this writ of error.

The first question we have to meet is one of jurisdiction depending on the citizenship of the parties. The writ and declaration originally described the defendant as the Howland Pulp & Paper Company and as a corporation organized under the laws of Maine. There was a corporation organized under the laws of Maine whose name was Howland Paper Company. The corporation sued was organized under the laws of Vermont. There is no question as to identity. The one or-

ganized under the laws of Vermont was the one intended to be sued, and the one which employed the plaintiff.

The writ was returnable at Portland on the third Tuesday of April, 1909. On the return day, the Howland Pulp & Paper Company entered a general appearance to the suit. If the writ and declaration had alleged that the defendant was organized under the laws of Vermont, the defendant, if it had seen fit, might have obtained a dismissal of the suit, because it would then have appeared of record that neither party was a citizen of Maine; but, in accordance with the settled determinations of the Supreme Court, inasmuch as the question of jurisdiction thus involved would not have been a constitutional one, all objections would have been waived by the entry of a general appearance.

As the case stood, for some reason the plaintiff, after the appearance was entered, amended his writ and declaration according to the fact, showing that the defendant corporation was organized under the laws of Vermont. Ordinarily this would entitle the defendant to make such amendment as was necessary to meet the change of the case which the plaintiff had thus brought about. The defendant sought to accomplish what was in fact an amendment of the state of the pleadings by filing a motion to dismiss for the want of jurisdiction, which motion was overruled.

If, under other analogous circumstances, the plaintiff had in his writ and declaration alleged himself to be a citizen of Maine and the defendant a citizen of Vermont, thus on the face showing a case judiciable in the district of Maine, to which the defendant would have been bound to answer on the merits, and if afterwards the plaintiff had sought to amend his writ by showing that he was a citizen of New Hampshire, then the defendant would not ordinarily have been estopped by his general appearance, because he would not have been presumed to know the plaintiff's citizenship, and would have been entitled to have the suit dismissed. In the case at bar, however, when the defendant filed its general appearance, it must be held to have waived all the facts which it knew, including the fact of its own place of incorporation. Therefore the amendment made by the plaintiff brought in nothing which was in truth new, and nothing which the defendant did not know when it filed its general appearance. Consequently the defendant must be held to have waived whatever was involved in the erroneous description of itself.

On the merits the only question submitted to us is to the effect that the plaintiff had not been properly warned of the dangers to which he was subjected. The question is, not what we might hold if we had full jurisdiction of the facts, but that of our power to reverse the finding of the jury. The proposition which ultimately engaged our attention was the defendant's claim that the mechanism and the operation of the mechanism were of a character plainly visible to any person of ordinary intelligence, either with or without experience. The plaintiff's hand was caught in broken paper which was emerging from between the calenders of the machine. Normally, everything was visible to a person of ordinary intelligence; but it is claimed by the plaintiff that his hand was caught by the giving way of the embryo paper

and the consequent bunching of it in a way not so unusual as not to be known to experts, but not happening so frequently that an inexperienced person would have been bound to anticipate it. It is needless to elaborate the proofs on a question of this character. It is enough to say only that the circumstances were such that we cannot substitute ourselves for the jury in reference to them.

There are altogether 15 alleged errors assigned. We think we have covered those that raise any substantial question. If such is not the fact, it is because there are so many alleged errors treated without any references to the pages of the record as required by our rules, and without sufficient statements to enable us to perceive their specific bearings with regard to the particular phases of the case. The eleventh illustrates peculiarly what we mean. A certain requested instruction was given, omitting the following words at the close of it, namely:

"Whether the employé in fact does or does not know of the risks is not the question, and is not material."

This clearly was not a correct statement of the law applicable in a general way. Whether the employé does or does not know the risks is, under many circumstances, very material; and here, without further explanation, it may or may not have been important. One reason why we use this as an illustration is because it is maintained that the words omitted were taken from McCafferty v. Lewando's Company, 194 Mass. 412, 414, 80 N. E. 460, 120 Am. St. Rep. 562. They are found there, not in connection with any instruction given to the jury, but as a part of the text of the opinion. The rest of the text explains what was intended; and, of course, as part of an opinion, it is always supported by what accompanies it, and does not require the completeness and accuracy demanded in a charge to a jury.

In like manner, referring to the twelfth alleged error, the requested instruction, which it is said was refused, is stated to have been copied from Stuart v. West End Street Railway, 163 Mass. 391, 393, 40 N. E. 180. In that case it is found in the body of the opinion, and nowhere else. Here it is not explained that it touches any issue raised in the case. General observations of this character apply to some of the other alleged errors; and on the whole none of this class requires further observation.

The admission, subject to the defendant's objection, of evidence in substance that the defendant refused to allow the plaintiff to go into the mill after the injury to examine the machinery where he got injured, should be considered. This was offered with the claim by the plaintiff that he wished to show the jury why he could not explain the circumstances of the injury better than he did. Quite likely it was admissible on that point; but, whether it was or not, there is no evidence of any claim or suggestion on the part of the defendant that any possible injury could have come to it by permitting the examination asked for, unless because it gave the plaintiff the usual opportunities to acquire the general information which would have come therefrom. The circumstances of the refusal were such as, being made to a stranger, would be regarded as merely discourteous. It is

not entirely unlike a refusal by a plaintiff to permit an examination by defendant's physicians of an alleged injured limb which could not be otherwise understood. Such an examination, independently of a statute, the plaintiff has an absolute right to refuse, and yet, if refused when requested in a proper way, the refusal may justly more or less influence a jury. It might unduly influence it, as the defendant suggests was done in the present case; but that would be a result for which no one would be responsible except the party who made the refusal. The fact is that, as the refusal related to the inspection of machinery, while the injury was caused by the bunching of the embryo paper, an examination could not have been of much consequence; and it was the right of the defendant to have had an instruction on this point if it had asked it, but it failed to ask it. Therefore, in any view, and whatever influence the evidence may have had on the jury, even if it was exaggerated, the defendant cannot complain. The plaintiff undertook to maintain that the sole objection raised by the defendant was because the application was made to the superintendent without any proof of the extent of the authority of the superintendent; but the broader objection preceded this particular proposition. On the other hand, it should be said in behalf of the plaintiff that the superintendent was prima facie the person to whom an application for examination of the machinery should be made. It is also to be observed that the reference by the plaintiff to his inability to explain the circumstances of the injury was incidental, and did not bar him from maintaining that the evidence as offered was within the customary practice of the courts, as pointed out by an observation of Mr. Justice Gray in Union Pacific Railway Company v. Botsford, 141 U. S. 250, 254, 11 Sup. Ct. 1000, 35 L. Ed. 734. If there had been any claim or suggestion on the part of the defendant of the kind we have referred to, especially of any necessity to guard the secrets of its trade, the case might have stood differently; but, in view of the circumstances as they appear in the record, we see no error here, whatever might have appeared if circumstances of a different and special character had been fully stated.

The judgment of the Circuit Court is affirmed, with interest; and the defendant in error recovers his costs of appeal.