EDWARD G. LARKIN *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD · COMPANY.

Suffolk. January 16, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Assumption of Risk.*

An employee of a railroad company cannot recover for an injury occasioned by his putting his hand between the end of an oil tank on a freight car and the timber which keeps it in place, if, under the circumstances, he must be said to have assumed the risk, or he was not in the exercise of due care.

TORT, for the loss of the hand of the plaintiff, who was a brakeman in the defendant's employ, occasioned by the alleged improper construction and condition of the defendant's car.

Trial in the Superior Court, before *Mason,* C. J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*L. M. Child,* for the plaintiff.

*Samuel Hoar,* for the defendant.

LATHROP, J. The plaintiff in this case had the entire management and control of the car, and could do his work in his own way. There was no necessity for him to put his hand between the end of the tank and the timber which kept it in place, as this timber projected beyond that portion of the tank which rested upon the floor of the car. The injury was caused by his putting his hand in a place which would be dangerous if the car had too much momentum, by causing the car to stop too suddenly on coming in contact with stationary cars, and thus causing the tank to slide forward.

Under these circumstances, we are of opinion that the plaintiff must be said to have taken the risk, or that he was not in the exercise of due care. *Lothrop* v. *Fitchburg Railroad,* 150 Mass. 423. *Boyle* v. *New York & New England Railroad,* 151 Mass. 102. *Rood* v. *Lawrence Manuf. Co.* 155 Mass. 590. *Coombs* v. *Fitchburg Railroad,* 156 Mass. 200. *Goddard* v. *McIntosh,* 161 Mass. 253. *Watts* v. *Boston Tow-Boat Co.* 161 Mass. 378.

The case at bar differs in several particulars from that of

*Graham* v. *Boston & Albany Railroad*, 156 Mass. 4.   In that case the accident happened about one o'clock in the morning. The plaintiff was obliged to stoop down at the end of the car, in the middle, in order to uncouple the car.   To steady himself, he put his left hand behind him to feel for a grab-iron; finding none, he put his hand between the tank and the block of wood near the end of the tank.   He testified that he had not noticed the block of wood before the moment when he went to pull the pin; and that he had never seen a tank car where the block was not close up to the tank.   The accident was caused, as he alleged, by the fault of the engineer in starting too quickly, thus making the tank shift and catch his hand.   Under these circumstances, the question of the plaintiff's due care was held to be for the jury.

In the case at bar, the car was under the sole control of the plaintiff.   What he had to do was to get off the car.   There was a stirrup on the side of the car in which he was to put his foot.   It does not very clearly appear that there was any necessity for him to get off at the end of the car in order to put his foot in the stirrup; but if we assume this to be the case, there could be no need of his putting his hand between the tank and the timber, as the latter extended beyond the tank.   The accident happened in the daytime, when everything was visible.

Nor do we see any evidence of any breach of duty which the defendant owed the plaintiff.   The car was constructed in one of two usual ways, and this, the exceptions state, the plaintiff knew.   It was, however, contended that the timbers should have been placed so close to the tank that it would not move. The exceptions, however, state: "There was no evidence tending to show what caused the space between the tank and block, or how long it existed before the plaintiff put his hand into it." The relation of master and servant did not exist between the plaintiff and the defendant.   There was no evidence that the car was constructed with a space between the tank and the timber at the end, or that there was any space when the car left the defendant's road.   For aught that appears, the space may have been caused by the shrinkage of the wood while the car was being used by the employer of the plaintiff, whose duty it was to inspect the car and to accept or reject it.

*Exceptions overruled.*