CATHERINE J. WOOD *vs.* JAMES J. DANAS & another.

Middlesex.   December 5, 1917. — June 26, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability, Assumption of risk.   *Practice, Civil,* Report.

Although, where an employee reports to his employer or to a suitable servant or agent of his a defect in the ways, works or machinery of the employer, which was in existence and was open and obvious when he entered upon his employment, and the defect is not remedied within a reasonable time, St. 1909, c. 363, because the defect was not one as to which the employer or his servant or agent owed to the employee any duty of repair, does not operate to make the risk of injury from such defect any the less one assumed by the employee, yet, if, when the employee gives the notice as to such a defect to his employer, he insists upon its being made safe and the employer makes a promise to remedy it in such terms as to amount to a new contract of employment whereby the employee agrees to continue in the employment for a new period of service and the employer agrees to remedy the defect, and the defect is not remedied and the employee is injured by reason thereof, the statute becomes applicable and the employee will not be held to have assumed the risk of injury from the defect.

At the trial of an action by a woman against two defendants, who were manufacturers, for personal injuries caused by a fall due to a missing tread of one of a
flight of steps that she was required to use, it appeared that the defect existed
and was obvious when she entered upon her employment, and she testified "that
one day, about a month before the accident, just after coming down the steps,
she had had a talk with" one of the defendants "in which she had reported to
him that the step was missing, and he had replied that he was going to fix
those steps for her." It did not appear whether the plaintiff was hired for any
fixed period nor when she was paid. *Held*, that it must be inferred that the
plaintiff's employment could be terminated at will, and that, upon the evidence,
the jury might find that a new contract of service was made, the plaintiff agreeing
to continue in the employ for a new term of service and the defendants agreeing
to put the stairway in a safe condition.

In a report of the action above described to this court for determination, the presiding judge stated, "On the foregoing evidence, subject to the plaintiff's exception, I ruled that the plaintiff had assumed the risk of injury from said defective
stairs, and that the provisions of St. 1909, c. 363, . . . do not apply to risks
arising from defects existing in the premises at the commencement of the employment, but only to risks subsequently arising; and thereupon, at my direction,
the jury returned a verdict for the defendants, and, by consent of the parties, I
report the case for determination by the full court, with the stipulation that, if
my ruling was correct, judgment is to be entered for the defendants with costs,
and if my ruling was incorrect, judgment is to be entered for the plaintiff against
the defendants for the sum of $200 and costs." *Held*, that the report was broad
enough to raise the question of the impropriety of the ruling of the judge, due
to the fact that there was evidence upon which the jury might have found that
a new contract of employment for a new period was entered into which made the
statute in question applicable; and that therefore, the ruling being improper,
judgment should be entered for the plaintiff.

TORT for personal injuries, received on March 11, 1916, while
the plaintiff was in the defendants' employ and caused by her
falling backward down a flight of stairs because a step, which was
below her, was missing therefrom. Writ dated March 25, 1916.

In the Superior Court the case was tried before *Morton*, J. The
material evidence is described in the opinion. At the close of the
evidence, the judge ordered a verdict for the defendants and reported the case to this court for determination, stating in the
report, "On the foregoing evidence, subject to the plaintiff's
exception, I ruled that the plaintiff had assumed the risk of injury
from said defective stairs, and that the provisions of St. 1909,
c. 363, to the effect that an employee does not assume the risk
of defects reported and not remedied within a reasonable time, do
not apply to risks arising from defects existing in the premises
at the commencement of the employment, but only to risks
subsequently arising; and thereupon, at my direction, the jury

returned a verdict for the defendants, and, by consent of the parties, I report the case for determination by the full court, with the stipulation that, if my ruling was correct, judgment is to be entered for the defendants with costs, and if my ruling was incorrect, judgment is to be entered for the plaintiff against the defendants James J. Danas and Charles Danas for the sum of $200 and costs."

St. 1909, c. 363, is as follows:

"Section 1. If a defect in the ways, works or machinery of a person, partnership or corporation has been reported to the person whose duty it is to remedy said defect, or cause it to be remedied, or to report its existence, and such defect is not remedied within a reasonable time, and by reason of said defect an employee is injured, such employees shall not be held to have assumed the risk of such injury.

"Section 2. This act shall take effect on the first day of January in the year nineteen hundred and ten."

The case was argued at the bar in December, 1917, before *Rugg*, C. J., *Braley, Crosby, Pierce, & Carroll*, JJ., and afterwards was submitted on briefs to all the justices.

*F. M. Qua*, (*S. E. Qua* with him), for the plaintiff.

*B. Silverblatt*, for the defendants.

CARROLL, J. The plaintiff entered the defendants' employ in November, 1915. She was injured March 11, 1916. In the room where she worked there was a flight of steps which she had been directed by the defendants to use. "The tread of one of said steps near the bottom was missing," she was injured by reason of this defect, which existed when she began to work for the defendants and which was open and obvious.

The plaintiff testified, that about a month before the injury complained of, she reported to the defendant Charles Danas that the step was gone, and he replied "he was going to fix those steps for her;" that several weeks before the accident she complained to the defendant James J. Danas of the condition of the steps and he made no reply.

It appeared that "no person in the employ of the defendants other than the defendants themselves . . . had charge of remedying defects, if any, in the ways, works or machinery, or caused the same to be remedied, or reported their existence." The defendants

were not subscribers under the workmen's compensation act. St. 1911, c. 751.

The report of the presiding judge states that the plaintiff assumed the risk and that St. 1909, c. 363, does not apply to risks arising from defects existing at the commencement of the employment, "but only to risks subsequently arising." The jury were directed to return a verdict for the defendants, "and by consent of the parties" the case was reported "for determination by the full court, with the stipulation that, if my ruling was correct, judgment is to be entered for the defendants with costs, and if my ruling was incorrect, judgment is to be entered for the plaintiff against the defendants James J. Danas and Charles Danas for the sum of two hundred dollars ($200) and costs."

When St. 1909, c. 363, was enacted, it was the law in this Commonwealth that, as to risks which arose subsequently to the time of employment, it was generally a question of fact for the jury whether the employee, knowing and appreciating the danger, voluntarily assumed it, *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, *Mahoney* v. *Dore,* 155 Mass. 513, *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135; and in some cases the plaintiff was precluded from recovering, as matter of law, where he knew and appreciated the risk which came into existence after the employment began and voluntarily exposed himself to the danger. *Goddard* v. *McIntosh,* 161 Mass. 253. *Larkin* v. *New York Central & Hudson River Railroad,* 166 Mass. 110. *Tenanty* v. *Boston Manuf. Co.* 170 Mass. 323. *Davis* v. *Forbes,* 171 Mass. 548. It had also been decided, where a machine upon which a servant is employed becomes dangerous or defective, and he complains of the defect and is promised it will be remedied, but is injured before it is remedied and while he is reasonably expecting the promise to be performed that the promise is a circumstance to be considered by the jury in deciding whether he has assumed the risk in the meantime. Under this rule it was essential for the plaintiff to show that he continued at work in reliance upon the promise to repair. *Counsell* v. *Hall,* 145 Mass. 468. *Lewis* v. *New York & New England Railroad,* 153 Mass. 73. *Lamson* v. *American Axe & Tool Co.* 177 Mass. 144. *Daily* v. *Fiberloid Co.* 186 Mass. 318. See *Lynch* v. *M. T. Stevens & Sons Co.* 187 Mass. 397; *Gregory* v. *American Thread Co.* 187 Mass. 239. The statute was enacted

to remedy the wrong thought to exist in the law; it took away the defence of the assumption of the risk arising from dangers or defects which came into existence subsequently to the contract of service, if reported as required by the statute. As to such defects it was no longer a question of law or a question of fact whether the employee assumed the risk, the statute entirely abolished this defence, when defects were properly reported, both at common law and under the employers' liability act. R. L. c. 106, §§ 71–79. Nor was the employee, under this statute, required to show that there was a promise to repair the defective appliance or that he relied on this promise; if the defect complained of was not remedied within a reasonable time no question of the assumption of the risk was involved.

It was well understood that there was also a contractual assumption of the risk, — an implied agreement to take the risk of conditions which were obvious, open and plain to be seen, and existing at the time the employment began. And although it is generally said that the employee assumes the risk of such conditions, "It is more accurate however to say that an employer is under no duty to an employee to change the obvious condition of the building in which the employee accepts employment." *Shannon* v. *Willard*, 201 Mass. 377, 380. The duty of the master applies not only to the machinery and appliances, but also to the way or method in which the employer's work was carried on. The employer had the right to carry on his business in his own way, although the machinery and appliances in use might be improved and a safer method adopted. In such cases there was no negligence in continuing conditions as they were when the contract was made, and there was no legal duty resting on the employer to change these conditions or to make them safer, even if they could be found to constitute defects. When an employee was injured, the burden was not upon the defendant to show that the plaintiff's injury came from a danger he contracted to assume, the burden was upon the plaintiff to show that he was not injured by reason of such danger, see *Cullalucca* v. *Plymouth Rubber Co.* 217 Mass. 392, and cases cited, and that his injury resulted from the employer's breach of duty. "So far as risks are obvious pertaining to the apparently permanent features of the business as it is openly conducted, an employer has a right to believe that his

employee agrees to assume them . . . and the employer cannot be held guilty of negligence in failing to make provision against them." *Murch* v. *Wilson's Sons & Co.* 168 Mass. 408, 411. That no duty was upon the employer to change existing conditions, and that there was a contractual assumption of the risk arising from them, see *Fitzgerald* v. *Connecticut River Paper Co. supra; Mahoney* v. *Dore, supra; O'Maley* v. *South Boston Gas Light Co. supra; Gleason* v. *New York & New England Railroad,* 159 Mass. 68; *Content* v. *New York, New Haven, & Hartford Railroad,* 165 Mass. 267; *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278; *Wood* v. *Tileston & Hollingsworth Co.* 182 Mass. 449; *Arnold* v. *Harrington Cutlery Co.* 189 Mass. 547; *Burke* v. *Davis,* 191 Mass. 20; *Butler* v. *Frazee,* 211 U. S. 459. On the other hand an obligation was assumed by the master to use proper care in providing and keeping the machinery and appliances in the same condition they were in, or appeared to be in, at the time of the employment; and although in some respects this duty might be delegated, under such circumstances it was generally a question of fact for the jury whether the servant assumed the risk. *Moynihan* v. *Hills Co.* 146 Mass. 586. *Murphy* v. *Marston Coal Co.* 183 Mass. 385.

The statute we are considering did not abolish every assumption of the risk; the words of the statute expressly limited it to the dangers of the employment arising from defects where there was a duty to remedy them or cause them to be remedied. It made no reference to conditions assumed by the employee as a part of his contract, where there was no duty to change them or make them safer, either at common law or under the employers' liability act; and such risks were excluded from the operation of the statute. It had reference to defects reported to one "whose duty it is to remedy said defect, or cause it to be remedied, or to report its existence." It was not the intention of the Legislature to require the adoption of safer methods or the installation of more improved machinery, on the complaint of the employee, independently of the length of time the method or machinery had been in use. Nor did the Legislature impose an obligation not already existing at law, either to remedy the defect or "report its existence" requiring the employer to keep the ways, works and machinery in a condition not contemplated when the contract of employment began. The statute was intended to apply to risks which were not

understood by the employee to be assumed by him, — dangers which were hidden or concealed or which arose subsequently to his employment—and where the employer was under an obligation to use reasonable care to instruct him sufficiently, or to care properly for the machinery, so that the employee might perform his labor in a reasonably safe place.  See in this connection *Ashton* v. *Boston & Maine Railroad,* 222 Mass. 65; *Cross* v. *Boston & Maine Railroad,* 223 Mass. 144, 146, 147; *Bernabeo* v. *Kaulback,* 226 Mass. 128. The statute, cannot be construed as restricting the obligation to remedy defects to a servant or agent of the employer, whose business it was as such to make repairs or report the existence of defects.  It was an enactment excluding the defence of the assumption of the risk where the obligation imposed by law upon the employer to keep the ways, works and machinery in a reasonably safe condition had not been observed, although the particular duty might at common law be delegated to a fellow servant.

By the implied term of the contract of service which governed the relations of the parties the defendants were not required to change the obvious conditions of employment existing when the contract of service began.  See *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412.  It might be found, however, that this implied term of the contract was modified by a subsequent arrangement.  The plaintiff testified "that one day, about a month before the accident, just after coming down the steps, she had had a talk with the defendant Charles Danas, in which she had reported to him that the step was missing, and he had replied that he was going to fix those steps for her."  On this evidence the jury could say, that the plaintiff no longer agreed that the defendants owed her no duty respecting the manifest danger but insisted that the place should be made safe, and that the employer assented to this and agreed to make the repair; that is to say, the parties by mutual agreement changed what had been an implied term of the contract into an express term by which the stairs were to be made safe.

The record does not show that the plaintiff was hired by the day, week or month, or for a fixed period of service; nor does it appear when she was paid; neither is there evidence from which it could have been inferred that she was hired for a definite time.  See *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 5; *Frati* v. *Jan-*

*nini*, 226 Mass. 430, 433. As the record is silent on this question it must be considered that the hiring was not for a definite time and at least could be terminated at will. This being so, in the opinion of a majority of the court, from the complaint made by the plaintiff and the defendants' promise to repair and the plaintiff's continuation in the defendants' employ, the jury could say that a new contract of service was made by which the defendants were to repair the stairway which the plaintiff was to use in the course of her employment, and to make it safe; and it could have been found that there was a valid consideration for this new contract of employment, in the mutual promises of the parties, — the plaintiff having agreed to continue in the employment for a new period of service, the defendants agreeing to put the stairway in a safe condition.

If the plaintiff's testimony was believed, she reported the condition of the steps to a person "whose duty it is to remedy said defect, or cause it to be remedied," (St. 1909, c. 363, § 1,) who by the express contract, modifying the original contract of employment agreed to make the place safe and remedy the condition of the stairs. At common law the plaintiff could not recover on the strength of such a promise unless she satisfied the jury she relied upon the promise to make the repair, see *Counsell* v. *Hall, supra, Lamson* v. *American Axe & Tool Co. supra, Daily* v. *Fiberloid Co. supra,* but, as we construe the statute, where a duty to repair is expressly assumed and the defect is reported, although this obligation to repair is agreed to when report is made, the plaintiff may recover without evidence showing that she continued at work in reliance upon the promise to repair.

We think the terms of the report are broad enough to raise this question. Because this express agreement to repair the steps placed upon the defendants the duty to make them reasonably safe, the statute does apply, and the case should have been submitted to the jury. According to the report judgment is to be entered for the plaintiff against the defendants James J. Danas and Charles Danas for the sum of $200 and costs; and it is

*So ordered.*