CATHERINE FORD, administratrix, vs. TRIDENT FISHERIES
COMPANY.

Suffolk.    January 21, 1919. — March 3, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability, Causing death.    *Ship.*

About six o'clock on an afternoon in December the mate of a steam trawler came
on deck to take charge of his watch. He came from the galley in the forecastle
and walked aft on the deck and, as he was ascending a flight of four steps leading
from the deck to the pilot house, the vessel rolled and he was thrown overboard
and was drowned. The administratrix of his estate brought an action against
the owner of the vessel for causing his death by alleged negligence in failing to
provide a railing or guard upon the steps. It appeared that the intestate "had
been connected with this particular boat about two months" as its mate, and
that during that time the steps had remained in the same condition with no
railing or guard upon them. *Held,* that there was no evidence of the defendant's
negligence, the defendant having been under no duty to the intestate to change
the obvious conditions of the vessel where the intestate was to perform his work.
In the case above described there was evidence that the boat which was lowered
to pick up the intestate was lashed to the deck instead of being suspended on
davits and that in order to launch it the lashings had to be cut, and also that the
sailor who manned this boat had only one oar and was obliged to scull instead of
rowing as he would have done with two oars, but the evidence showed that the
intestate disappeared when he fell from the trawler and that nobody saw him
afterwards and there was nothing to show that, if the boat had been sus-
pended on davits and if it had been rowed with two oars, the intestate could
have been rescued. *Held,* that, even assuming that on this evidence it could
have been found that the defendant was negligent, there was nothing to show
that such negligence contributed to the death of the intestate.

TORT by the administratrix of the estate of Jerome Ford, late
of Boston, against the Trident Fisheries Company, a corporation
organized under the laws of the State of Maine, for negligently
causing the death by drowning of the plaintiff's intestate on De-
cember 21, 1916, when he was employed as the mate of the
defendant's steam trawler called the Long Island. Writ dated
December 26, 1916.

In the Superior Court the case was tried before *White,* J. At
the close of the plaintiff's evidence, which is described in the opin-

ion, the judge, upon motion of the defendant, ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*F. W. Mansfield & E. R. Mansfield,* for the plaintiff.

*E. C. Stone,* for the defendant.

CARROLL, J. The plaintiff's intestate was drowned while employed as mate of the defendant's steam trawler, the Long Island. This action is to recover damages for his death.

On December 21, 1916, about five o'clock in the afternoon, the vessel left T Wharf, Boston, bound for the "Georges," which are fishing banks in Massachusetts waters. About six o'clock, shortly after passing Boston Light, the plaintiff's intestate, Jerome Ford, came on deck to take charge of his watch as mate of the vessel. He came from the galley in the forecastle and walked aft on the starboard side. As he was ascending a flight of four steps leading from the deck to the pilot house, the vessel rolled and he was thrown overboard. At the time of the accident there was a fresh northwest breeze and the vessel was going before the wind; no cry was heard, no clothing was seen floating in the water, and Ford was not seen by any one from the time he fell overboard.

The negligence relied on was the absence of a guard or rail along the flight of four steps leading from the deck to the pilot house. The intestate "had been connected with this particular boat for about two months," as its mate, and during that time the stairs remained in the same condition, — with no railing or guard upon them. The employer was under no duty to the employee to change the obvious conditions of the vessel where the intestate was to perform his work, and the defendant was not negligent in continuing the arrangements as they were when the employment began. *Cross* v. *Boston & Maine Railroad,* 223 Mass. 144, 147. *Wood* v. *Danas,* 230 Mass. 587, and cases cited.

The plaintiff also contends that the boat which was lowered to pick up the intestate was lashed to the deck instead of being suspended from davits and in order to launch it the lashings had to be cut; that McCue, who manned it, had only one oar and was obliged to scull, instead of rowing as he might have done if he had had two oars. Even if it be assumed that upon these facts it could have been found the defendant was negligent, there is nothing to show they in any way contributed to Ford's death. He

disappeared when he fell from the trawler and it does not appear that if the boat had been suspended from davits and a different method of propelling it had been used he could have been rescued.

As no evidence of the defendant's negligence is shown, the plaintiff cannot recover in this action; it therefore becomes unnecessary to consider the question whether sufficient notice was given the defendant or questions as to the evidence argued by the plaintiff.

*Exceptions overruled.*