ABRAHAM BEGGELMAN *vs.* SAMUEL ROMANOW.

Suffolk. ·November 17, 18, 1932. — September 20, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Employer's liability. *Contract*, What constitutes, Construction, Of employment.

At the trial of an action by an employee against his employer, who was not insured under the workmen's compensation act, for personal injuries sustained when the plaintiff was thrown to the floor by the handle of a baling press which he was operating, there was evidence that the handle was defective and had been so for several months; and that at some time, not more definitely shown than that it was before the accident, the plaintiff had told the defendant to fix the handle, and the defendant had said that he would do so "later" and had "just told" the plaintiff "to bale." There was no evidence that the condition of the handle at the time of the accident was different from its condition at the time when the plaintiff's employment commenced, or that any danger created by its condition at the time of the commencement of his employment was not obvious to him. On the issue, whether the plaintiff was entitled to recover at common law, as modified by the workmen's compensation act, and apart from the employers' liability act, it was *held*, that

(1) Apart from the plaintiff's request to the defendant to fix the handle and the defendant's promise to do so, there was no evidence of negligence on the defendant's part; on the evidence, it must be taken that the risk created by the condition of the handle was incidental to the employment and was assumed by the plaintiff, even though the risk was unusual;

(2) A mere complaint by the plaintiff to the defendant of the condition of the handle, without more, did not impose upon the defendant a duty to fix it which did not exist previously;

(3) The defendant's promise to fix the handle "later" did not enlarge his duty to the plaintiff unless a new contract of service, modifying the original contract of service, was effected by the defendant's promise and the plaintiff's continuing to work in reliance thereon;

(4) Even if such a new contract were made, it, interpreted most favorably to the plaintiff, imposed on the defendant no greater duty than to fix the handle within a reasonable time after making his promise to do so;

(5) The evidence did not warrant a finding that a reasonable time for fixing the handle had elapsed when the plaintiff was injured and consequently did not warrant a finding that the defendant was negligent by reason of a breach of his duty under such new contract;

(6) The defendant's direction to the plaintiff "to bale" could not properly have been found to be an assurance of safety to the plaintiff which he had a right to rely upon and which misled him;

(7) The plaintiff was not entitled to recover.

TORT. Writ in the Municipal Court of the City of Boston dated August 12, 1931.

The action was heard in the Municipal Court by *Dowd, J.* Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $200. A report to the Appellate Division was dismissed. The defendant appealed.

*S. Romanow* for the defendant.

*A. W. Ingalls,* for the plaintiff, submitted a brief.

FIELD, J. This is an action of tort brought in the Municipal Court by writ dated August 12, 1931, to recover compensation for personal injuries received by the plaintiff while employed by the defendant. The first count of the declaration alleged a defect in machinery due to the negligence of the defendant or of a person in his service entrusted with the duty of maintaining it in proper condition, and the second alleged negligence of the defendant or of a person entrusted with and exercising superintendence. There was a finding for the plaintiff on the first count and a report to the Appellate Division which was dismissed.

The defendant was engaged in the rag business. He was not insured under the workmen's compensation law., G. L. (Ter. Ed.) c. 152. There was evidence that the plaintiff was injured, on June 5, 1931, while operating a press in baling felt, by reason of a handle of the press flying up and carrying the plaintiff with it and causing him to fall to the floor. It could have been found on contradictory evidence that the handle was defective in that it had been cracked and wired together, and that, because of the wiring, "cogs" intended to hold the handle when it was pushed down would not do so. The plaintiff testified he was working for the defendant at $12 a week, that he "had baled on and off for twenty-five years," that he "knew felt was a springy substance," that for three months "the handle of the press had been in the condition it was at the time of the accident," that he had told the defendant to fix the

handle and the defendant had said that he would do so later, "That . . . [the defendant] just told him to bale and that is all . . . [the defendant] said to him." The defendant testified that the plaintiff had worked thirty-five or forty days on the job. There was no evidence that the handle of the press was in any different condition at the time the plaintiff entered the defendant's employment from that at the time of the accident. There was no evidence that the plaintiff, or any person in his behalf, gave the defendant a written notice "of the time, place and cause of the injury" other than a copy of the letter from the plaintiff's attorney to the defendant, dated August 6, 1931, which was not within sixty days after the accident causing the injury, and no evidence that it was impossible for the plaintiff, by reason of physical or mental incapacity, to give such notice. G. L. (Ter. Ed.) c. 153, § 6.

The defendant made numerous requests for findings or rulings which were granted if material. Among them were the following: "1. That no notice was given the defendant as required by the statute — G. L. c. 153, § 6," and "13. As G. L. c. 153, § 6, requires that no action by an employee against an employer for the recovery of damages for injury shall be maintained unless notice of the time, place and cause of the injury is given to the· employer within· sixty days after the accident which caused the injury, and that such notice shall be in writing, therefore there should be a finding for the defendant." The following request was not granted: "14. As the plaintiff has not complied with G. L. c. 153, § 6, therefore there should be a finding for the defendant." The defendant also made requests which were not granted, either because they involved questions of fact or because they were based upon facts not found by the judge. Among these requests was the following, with respect to which the judge's ruling was the one word "Fact": "4. There is no evidence tending to show negligence on the part of the defendant towards the plaintiff." No requests were made for rulings based upon the pleadings.

It is apparent that the finding for the plaintiff was made

under the common law as modified by statute and not under the employers' liability law. G. L. (Ter. Ed.) c. 153. The plaintiff has brought to this court no questions with reference to the correctness of the rulings of the trial judge. And the rulings with reference to the defendant's liability under the employers' liability law were favorable to the defendant. The only questions for our determination, therefore, are the questions of law raised by the requests which bear upon the defendant's liability at common law as modified by statute apart from the employers' liability law.

There was no evidence tending to show negligence, at common law modified by statute, on the part of the defendant toward the plaintiff. Consequently the judge's disposition of the fourth request was erroneous.

The case for the plaintiff rests wholly upon a defect in the press. There was no evidence of negligence on the part of the defendant unless in respect to such a defect. But, aside from the matter of the defendant's promise to "fix" the handle of the press "later," hereinafter considered, proof that the defect in the press was not in existence at the time the plaintiff entered the employment of the defendant, or, if it was then in existence, that the danger created thereby was not obvious to him, was essential to proof of negligence on the part of the defendant. *Shannon* v. *Willard*, 201 Mass. 377, 380. *Wood* v. *Danas*, 230 Mass. 587, 591–593. *McRae* v. *Gorton-Pew Vessels Co.* 254 Mass. 548, 550. There was no direct evidence and no ground for inference warranting either of these essential findings. Compare *Haley* v. *Lombard*, 207 Mass. 545, 548. In the absence of such proof it must be taken that the risk created by the defect was incident to the employment even though the risk was unusual. *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278, 282. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412, 414. Prior to the defendant's promise to "fix" the handle of the press "later" there was, so far as appears, no duty on the defendant to warn the plaintiff of the defect or to repair it. The provisions of G. L. (Ter. Ed.) c. 153, § 3,

which are as follows, "If a defect in the ways, works or machinery of an employer has been reported to the person whose duty it is to remedy said defect, or cause it to be remedied, or to report its existence, and such defect is not remedied within a reasonable time, and by reason of said defect an employee is injured, such employee shall not be held to have assumed the risk of such injury," did not create a duty to remedy a defect where, as here, no such duty previously existed. It merely provided what should constitute a breach of an existing duty to remedy a defect and deprived the employer of the defence of voluntary assumption of risk where the employee had reported a defect which there was an existing duty to remedy and it was not remedied within a reasonable time. *Wood* v. *Danas*, 230 Mass. 587, 592–593, 594. See also *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135, 137–138. A complaint by the plaintiff to the defendant of the condition of the handle, without more, would not impose upon the defendant a duty to "fix" it which did not exist previously.

The evidence did not warrant the finding of negligence on the part of the defendant because of his promise to "fix" the handle of the press "later." Such a promise would not preclude the defence of voluntary assumption of risk at the common law unless the employee continued in the employment in reliance thereon, or, under G. L. (Ter. Ed.) c. 153, § 3, unless after the defect was reported it was not remedied within a reasonable time. *Wood* v. *Danas*, 230 Mass. 587, 593. But here no question of voluntary assumption of risk arises since, by G. L. (Ter. Ed.) c. 152, § 66, the defendant is deprived of this defence. Such a promise, however, would not enlarge the defendant's duty to the employee unless a new contract of service, modifying the original contract of service, was effected, by which the employer agreed to remedy the defect. *Wood* v. *Danas*, 230 Mass. 587, 593–594. Even if, as we do not decide, the evidence warranted a finding that a new contract of service was made between the plaintiff and the defendant by the defendant's promise following the plaintiff's complaint, and the plaintiff's continuing to work in

reliance thereon, the contract was in the terms of the defendant's promise and there was no evidence that the defendant was guilty of breach of the duty, created by such contract, to remedy the defect. The promise of the defendant, according to testimony by the plaintiff, who alone testified to such a promise, was to "fix" the handle "later." By this language any promise to "fix" it immediately was clearly negatived. On the view of the language most favorable to the plaintiff, the defendant had a reasonable time after the promise was made within which to remedy the defect. Since it does not appear when the defendant's promise was made, except that it was made before the plaintiff was injured, it could not have been found that a reasonable time for remedying the defect had elapsed after the promise to do so was made and, consequently, could not have been found that the defendant was negligent in failing to perform the duty, imposed by a new contract of service, of making the press safe for the plaintiff's use by remedying the defect in the handle. The case ·in this respect differs from *Wood* v. *Danas*, where there was evidence that the promise of the employer to fix the defect which caused the accident was made about a month before the accident. By reason, also, of the same absence of evidence the plaintiff failed to show that he was entitled to recover under the provisions of G. L. (Ter. Ed.) c. 153, § 3, the benefits of which are limited to cases where a reasonable time to repair a defect has elapsed after the report thereof. The common law principle, that where an employee complains of a defect "and is promised it will be remedied," and continues at work in reliance upon such promise "but is injured before it is remedied and while he is reasonably expecting the promise to be performed . . . the promise is a circumstance to be considered by the jury in deciding whether he has assumed the risk in the meantime" (*Wood* v. *Danas*, 230 Mass. 587, 590, and cases cited), is not applicable to the present case. It applies, rather, to cases, unlike the present case, where there is an existing duty on the defendant to remedy a defect unless negatived by affirmative proof of voluntary

assumption of the risk of the continuance of such defect. And the defendant's direction to the plaintiff "to bale" could not have been found to be an assurance of safety to the plaintiff which he had a right to rely upon and which misled him. See *Kenney* v. *Hingham Cordage Co.* 168 Mass. 278, 280–281; *Burke* v. *Davis*, 191 Mass. 20, 22. Whether proof of negligence of the defendant fails on any other ground need not be considered.

Since a correct disposition of the defendant's fourth request would have disposed of the case in favor of the defendant, it is unnecessary to consider the defendant's other requests. The order of the Appellate Division dismissing the report is reversed and judgment is to be entered for the defendant. G. L. (Ter. Ed.) c. 231, §§ 124, 141. *Loanes* v. *Gast*, 216 Mass. 197, 199–200. *Silverstein* v. *Saster*, 285 Mass. 453, 458.

*So ordered.*