Wilson, J.
This is an action by an employee against her employer seeking recovery for injuries sustained as the result of the defendant’s alleged negligence in maintaining the floor of the kitchen in the defendant’s restaurant. The defendant was not a subscriber to the Workmen’s Compensation Act (G. L., Ter. Ed., ch. 152). The answer was a general denial, and set up the contractual assumption of the risk and contributory negligence. There was a finding for the plaintiff. No special findings of fact were made.
The evidence in its aspect most favorable to the prevailing party tended to show that the plaintiff went to work for the defendant in his restaurant as a waitress; that her duties took her to the kitchen where she noticed, on the first *174 day of her employment, a hole in the floor two inches in depth and one and one-half feet in width, near the meat block; that she called the attention of the defendant’s manager to it right after she went to work; that three days later she slipped, caught her ankle in the hole, spraining her ankle.
There is nothing in the plaintiff’s declaration, nor in the report, to indicate that the action is founded upon the provisions of G. L. (Ter. Ed.) ch. 153, and no mention is made in the report of any notice given by the plaintiff to the defendant, as required by said ch. 153, s. 6. Beggelman v. Romanow, 288 Mass. 14, 16. Nor does it appear that the court had in mind the provisions of Statute 1935, ch. 387, and found facts making such notice unnecessary.
We, therefore, conclude that the action was tried and decided upon the, principles of common law, with former defences removed, as provided in G. L. (Ter. Ed.) ch. 152, s. 66.
The only questions for our determination are the questions of law, properly raised by the defendant, upon the defendant’s liability at common law as modified by statute apart from G. L. (Ter. Ed.) ch. 153.
The defendant presented nine requests for rulings. Those which now appear to us to be material, called attention of the trial .judge particularly to the doctrine frequently referred to as contractural assumption of the risk.
There was no evidence of negligence on the part of the defendant unless failure to repair the condition of the floor above described constituted such negligence.
There was no evidence here that said condition did not exist at the time the plaintiff entered the defendant’s employment, and no evidence that such dangerous condition was not then obvious to her. On the contrary, the condition was seen by her at the time of her entering the defendant’s *175 employ and was so obviously dangerous that she complained to the defendant’s manager about it.
The report says nothing about any agreement on the part of the defendant to make any repair or change in the premises, upon which, by inference, a rehiring of the plaintiff might be found. (See Wood v. Danas, 230 Mass. 587, 593.) Under such circumstances it must be taken that the risk created by the condition of the floor was incident to the contract of employment. There was no duty on the part of the defendant to warn the plaintiff of such condition or to change or repair it. Beggelman v. Romanow, 288 Mass. 14, 17. McCafferty v. Lewando’s French Dyeing and Cleansing Company, 194 Mass. 412, 414.
In Shannon v. Willard, 201 Mass. 377, 380, it was said:
“. . .an employer is under no duty to an employee to change the obvious condition of the building in which the employee accepts employment. It is pointed out in McCafferty v. Leioando’s French Dyeing & Cleansing Co., 194 Mass. 412, that the principle on which this rule is founded is the principle on which the rule of caveat emptor is founded in a sale of property, and on which the, rule is founded that a landlord is not liable for the ruinous condition of leased premises.”
See also McLeod v. New York, New Haven and Hartford Railroad, 191 Mass. 389, 391. Sylvian v. Boston and Maine Railroad, 280 Mass. 503, 505. Fraioli v. New York, New Haven and Hartford Railroad, 286 Mass. 450, 452. Ashton v. Boston and Maine Railroad, 222 Mass. 65, 69. Wood v. Danas, 230 Mass. 587, 591, 592, 593.
And it was said in Currier v. Whitin Machine Works, 258 Mass. 82, 84:
“As was said in Mammott v. Worcester Consolidated Street Railway, 228 Mass. 282, 284, ‘There can be no negligence where there is no duty.’ The workmen’s *176 compensation act does not enlarge the duty of an employer who is not a subscriber, nor transform into negligence conduct which apart from the statute would impose no liability upon him. An employer is not under obligation to change the condition of his ways, works, or machinery which exist at the time an employee enters his employment. An employee accepts by his contract of employment the risks attending the conditions existing upon the employer’s premises and involved in the operation of machines then being used thereon if such conditions are obvious to a man of common understanding and observation and could be seen on reasonable inspection. Murray v. Nantasket Beach Steamboat Co., 248 Mass. 587, and cases cited.”
It follows that the trial court was in error in refusing to instruct himself as requested by the defendant’s requests dealing with the obvious condition of the premises existing and known to the plaintiff at the time she entered the defendant’s employment. Particularly the trial court erred in refusing the defendant’s requests numbered 2, 3, 5, 6, 8, and 9.
If the court had instructed himself as requested by said rulings, he would have been obliged to dispose of the case in the defendant’s favor. Therefore, judgment must be entered for the defendant. G. L. (Ter. Ed.) ch. 231, s. 110-124. Andrade v. Hanley, 289 Mass. 335, 337.