Pettingell, P. J.
Action of contract brought iby the plaintiff against two trustees, upon a declaration to recover a commission for the sale of real estate, the property of the trust. That answer is a general denial.
There was evidence that in April 1945 the plaintiff, a real estate agent, approached one of two trustees regarding a sale of certain real estate belonging to the trust an!d was *205 given permission to list it for sale and told to ¡bring in offers of purchase. There was evidence that the other trustee was in Florida all through the transactions related herein and did not return until about the first of May, 1945.
The plaintiff secured an offer of $33,500 which was refused, the trustee saying that it was not enough as he wanted $34,000 net, the plaintiff to get her commission above that. After various negotiations, the plaintiff finally suggested that she secure an offer of more than $34,000, •the defendants to allow her the amount over $34,000 and to pay her $300 out of the $34,000, making a total commission of $700. The plaintiff testified that the defendant with whom she had been dealing assented to this proposition. The plaintiff claimed that this proposition was made by her April 24, 1945. The defendant denied that there was such an agreement. The sale did not go through, the premises being sold to another purchaser, through another dealer, for $34,000.
The trial judge found the following facts:
“The plaintiff procured an offer of $33,500 which was refused, Crosby, (the trustee) wanting $34,000 net; the plaintiff finally procured to purchase said real estate, a customer ready, able and willing, at a price of '$34,000; an agreement was finally reached between the plaintiff and the defendant Crosby that the sale would go through at that figure and that he would pay $300 to the plaintiff as commission, the customer to pay the remaining commission of $400, which the customer agreed to do; Crosby refused finally to consummate the transaction due to the alleged objection of his alleged trustee; at no time did the plaintiff have any dealings with Barnett Wolek.”
The defendant filed eleven requests for rulings as follows:
“1. On all the evidence the plaintiff is not entitled to recover for the reason that she has not as a matter *206 of law proven by competent evidence that an enforceable contract of employment was made with the defendants when the property was listed. 2. By the terms of the declaration of trust of the Dean Realty Trust, no contract binding the defendant trust could be made unless both trustees joined therein. 3. There is no evidence that the defendant trustee, Barnett Wolelc entered into any contract of employment of the plaintiff, and therefore the plaintiff cannot recover in this action. 4. The contract, as alleged by the plaintiff, was for the plaintiff to bring the defendant 'Crosby, an offer for the purchase of the property and not a contract employing the plaintiff to procure a customer ready, able and willing to buy on the defendant Crosby’s terms. 5. There is no evidence that the plaintiff procured a customer who was ready, able and willing to buy the property upon terms offered by the defendants. 6. Upon all the evidence the plaintiff is not entitled to recover iby merely informing the defendant, Crosby, that she had a customer who was ready to pay the price asked; there must have been an agreement upon all the essential terms of the sale. 7. If, as the plaintiff claims', the defendant, Crosby, stated that he wanted' $34,000.00 net and that the plaintiff was to get her commission above that, then the plaintiff cannot recover in this action for the reason that no sale was completed. 8. If, as the plaintiff claims, the understanding between her and the defendant, Crosby, was that she was to receive all sums above a definite price to be received by the defendant, the sale not having been consummated, the plaintiff is not entitled to recover in this action. 9. There is no evidence in the case to support a finding that the plaintiff is entitled to recover a commission of $700.00 from the defendants, the transaction being such that the plaintiff was not entitled to any commission unless an actual transfer of title was made. 10. If the employment of the plaintiff was a listing to sell at a price fixed, or an employment to sell, the plaintiff to receive part of the selling price, then the plaintiff is not entitled to recover because no sale was consummated. 11. The basic transaction at most in this case was on offer, there being no consideration to support a bilateral con *207 tract, and therefore the plaintiff isl not entitled to recover. ’ ’'
The defendants ’ requests for rulings were disposed of as follows:
“Defendants’ requests 1, 5, 9 and 11 are denied.
“Defendants’ requests 2, 3, 4 and 10 are denied as inap-' plicable in view of facts found.
“Defendants’ request 6 is given.”
The report states, as a finding of the judge:
“I do not find the facts on which interrogatories 7 and 8 are based.”
This is unintelligible unless interpreted as a disposition of the 7th and 8th requests. No such interrogatories are mentioned in the report.
In addition to what has been already quoted, the trial judge found as follows:
“The trust instrument under which the defendant held the property referred to was recorded Middlesex South District Deeds, November 7, 1942, (a copy thereof being a part of the report) and in such instrument the words ‘Trustees’ is exclusively used in connection with the powers of the trustees thereunder. The plaintiff was never informed of any limitation of authority in the defendant Crosby, either to list said property or to consummate its sale on behalf of the trust.”
The report contains all the evidence material to the questions reported.
The court found for the plaintiff in the sum of $700.
There was prejudicial error in the denial of the defendants’ second and third requested rulings. These were:
“2. By the terms of the declaration of trust of the Dean Realty Trust, no contract binding the defendant Trust could be made unless both trustees joined therein.” “3. There is no evidence that the defendant *208 trastee, Barnett Wolek, entered into any contract of employment of the plaintiff, and therefore the plaintiff cannot recover in this action.”
The declaration of trust of the Dean Realty Trust was duly recorded and a copy of the recorded declaration was in evidence. The property of the trust, in this action sought to be charged by the plaintiff, is stated in that declaration to be held by two trustees for certain purposes therein specified. Under that declaration the trustees held title to the assets of the trust jointly and the powers conferred by the declaration can be exercised only by both the trustees acting jointly. 'Crosby, in the face of the recorded instrument had no authority to bind Wolek. There is no evidence that Wolek ever ratified what Crosby did. Such evidence as there is, according to Crosby, is that Wolek did not.
“If there are two or more trustees', the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust.” Restatement of the Law of Trusts. Vol. I Section 194. TMs is the law of Massachusetts. Chapin v. First Universalist Society in Chicopee, 8 Gray 580. City of Boston v. Robbins, 126 Mass. 384. Downey Co. v. Ross Whistler, 286 Mass. 461.
Particular attention should be paid to the decision in Horowitz v. State Street Trust Co., 283 Mass. 53, in which the court says, at page 58,
“The plaintiff (a real estate broker) knew that Hagar was acting as trustee and was bound to know the extent of his authority in dealing with the property of the trust. ” . . .It follows that Hagar, who died in 1927, was without authority to make any contract with the plaintiff.”
*209 It is true that .Crosby testified that he had authority ‘ ‘ on behalf of the Dean Realty Trust to list and did list real estate (of the trust) . . . for sale by the plaintiff”, and that the judge so found, but there is nothing .in the recorded trust declaration in evidence1, or elsewhere, which gives him such authority to act alone. The denial of the second and third requests was prejudicial error. The trial judge improperly denied them as inapplicable in view of facts found, but found no facts to warrant such a disposition.
The trial judge found that the plaintiff was never informed of any limitation of authority in the defendant Crosby, either to list said property or to consummate its sale on ¡behalf of the trust. The citation just given from Horowitz v. State Street Trust Co., supra, says that he was “bound to know”. The information was not hidden or inaccessible. The burden to get the true picture of Crosby’s authority was on the real estate agent.
The 9th request, which, also, was denied, was for a ruling of law. See Beggelman v. Romanow, 288 Mass. 14, in which there was a finding for the plaintiff. That case was an action of tort. The defendant filed the following request. “4. There is no evidence tending to show negligence on the part of the defendant towards the plaintiff.” This request was denied by the trial judge with the one word of explanation, “Fact”. The Supreme Judicial Court held that the denial of the request was prejudicial error1 and ordered a finding for the defendant.
It is apparent that in the case just cited the trial judge denied the 9th request on the theory that it was a request for a finding of fact. It is true that a finding of negligence, which means the weighing of the evidence with its inferences, and the decisions of questions of the credibility of witnesses, is a matter of fact. But there are questions, of credibility and inferences to be drawn, only when there is *210 evidence to be weighed. Where there is no evidence before the court there is nothing to be weighed and passed upon and no facts can be found. The presence or absence of evidence is a question of law.
“We are limited here to the inquiry, whether there is any evidence however slight in tendency, proper to' be submitted to a jury, to prove the facts sought to be established. If there is no evidence, then the fact finding of the court must be set aside and treated as an error of law.” Cheever v. Perley, 11 Allen 584, at 586, 587.
“All the evidence upon which this case was submitted to the jury is reported. The court was asked to rule at the trial as matter of law, that the plaintiff could not maintain the action upon this evidence on the ground that no consideration was shown for the note declared on; and exception is taken to the refusal so to rule. Under instructions not otherwise objected to, the jury found for the plaintiff; and the verdict must stand, unless we can say as matter of law, that there was no evidence in the case to warrant it. The weight or sufficiency of the evidence is not here to he considered as upon a motion for a new trial. The question, upon exceptions as taken, is whether there is any evidence, however slight, upon which a verdict could be legally rendered for the plaintiff. If there is it is enough, although contradicted and apparently controlled by other evidence in the case.” Dean v. Carruth, 108 Mass. 242, at 244.
“The judge instructed the jury that it was ‘prima facie evidence of a rate of speed greater than was reasonable and proper if a car was operated on a thickly settled or business district at a rate of speed exceeding fifteen miles an hour for a distance of an eighth of a mile ’ . . . There was no evidence that this truck was operated at .such a rate of speed for a distance of an eighth of a mile. The charge in this respect, therefore, was erroneous and prejudicial.” Conrad v. Mazmanian, 287 Mass. 229, at 234, 235.
“The denial of the request 7 (that there is evidence to warrant the court to find for the plaintiff) involved *211 a ruling as a matter of law that there was no evidence to warrant a finding for the plaintiff. It was equivalent to a ruling as matter of law either that the defendant was not negligent or that the sole cause of the damage to the plaintiff was the negligence of the bailee of his automobile. The request was not a request that as matter of law that the plaintiff was entitled to recover. The denial of this request was error. The record is not fairly susceptible of the construction that the request was denied because rendered immaterial by findings of fact made by the trial judge. No findings of fact are recited. It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts. . . . That course was not pursued. It cannot be said that this was harmless error. . . . The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He is entitled to that ruling or to a statement of findings of fact showing that the requested ruling had become irrelevant ... A finding on the facts in favor- of the defendant was supportable. . . . But the record does not show that the ultimate decision may not have been due to the erroneous view of law of the trial judge expressed by his denial of request 7.” Bresnick v. Heath, 292 Mass. 293, at 298, 299.
In the case at bar the plaintiff endeavored to sell the real estate of the Dean trust by dealing with one of the trustees, the other one being absent at the time. The plaintiff was authorized to list the property for sale and was. instructed -to secure offers and submit them to the ¡one trustee. The plaintiff secured an offer for $33,500 and submitted it. The offer was- rejected as not enough and for other reasons.
The trustee told the plaintiff -that he wanted $34,000 net, paying no commission. There was talk by the plaintiff that if the plaintiff could get the customer to make a larger offer *212 in excess of $34,000, such as $34,400, and the trustee would give the plaintiff $300 out of the $34,000 and $400 of the amount above $34,000, the plaintiff’s commission of $700 would be assured.
If the trial judge had found that the facts were exactly as testified by the plaintiff and that the plaintiff was to get all above $34,000, the plaintiff could not recover, because where the plaintiff’s commission is to come from the excess above stated figure as the price, there can be no recovery unless there has been a sale and the price actually paid. Staula v. Carroll, 312 Mass. 693, at 694. Munroe v. Taylor, 191 Mass. 483. Noyes v. Caldwell, 216 Mass. 525.
The trial judge, moreover, did not find the facts to be exactly as stated by the plaintiff. He found that ‘ ‘ the plaintiff finally procured to purchase said real estate a customer ready, able and willing, at a price of $34,000; that an agreement was finally reached between the plaintiff and the defendant Crosby (the trustee) that the sale would go through at that figure and that the defendants would pay $300 to the plaintiff as a commission, the customer to pay to the plaintiff the remaining commission of $400, which the customer agreed to do.”
All the evidence regarding the payment of a commission of $700 comes from the plaintiff. Her version of the amount agreed upon was that the defendants were to pay $300 from the $34,000 paid by the purchaser, and $400 from the excess of $34,000, also paid by the purchaser, a total of $700. The judge’s finding was that the commission was to be paid in two payments, $300 by the defendants and $400 to be paid by the purchaser, the purchaser agreeing to pay that amount. If the judge’s finding that he did not “find the facts on which interrogatories 7 and 8 are based” is to be treated as the denial of the 7th and 8'th requests for rulings, then the trial judge very apparently meant that he did not *213 believe the plaintiff’s version of the division of the commission and the payment to the defendants by the purchaser of $34,400 to the defendants, of which $400 was to go to plaintiff.
In any event his express finding was .that the defendants were to pay $300 and that the purchaser agreed to pay $400. And yet, he found for the plaintiff in the amount of $700, despite the fact that the purchaser was not a party to the present action. There is no principle of law by which a defendant can be held liable for an amount of money which a third party has agreed to pay.
The 9th request is in two parts, a statement that there is in the case no evidence that the plaintiff .is entitled to recover a commission of $700 from the defendants, with explanation that the transaction was such that the plaintiff is not entitled to recover any commission unless an actual transfer of title was made.
It has already been pointed out that the first part of the request is for a request for a ruling of law; that there was no evidence in the case of an agreement to pay $700: On the facts appearing in evidence, the explanation of the reason why the plaintiff could not recover a commission is not a relevant applicable statement of law. It is tied in with the principle of law already quoted that where a commission is to be paid out of the purchase price there can be no recovery unless a sale is actually completed.
An imperfect explanation added to an otherwise good request for an accurate ruling of law does not destroy the request. In WRIT TO RESCRIPT, published in Boston in 1941, Mr. Justice Lummus of the Supreme Judicial Court has this to say about such a situation, at page 208.
“Now more than that, and following the same principle, if a party makes a written request under the rule for instructions upon some material question of *214 law, and that instruction as requested is wrong in some particular so that the judge would not be required to give it, nevertheless it may serve to suggest to the judge a topic that he ought to cover. And if then he does not give the instruction requested, which perhaps he could not give because it violates some rule or is wrongly phrased, and moreover fails to cover the subject, there may be an exception to that failure. In other words, a bad request may suffice to require the judge to cover the point that is aimed at by the bad request.”
This is in accordance with a long line of decisions.
1 ‘ On the ground, therefore, that the judge submitted to the jury a case under instructions which permitted them to find .a verdict for a party who had not offered evidence sufficient in law to sustain one in his favor, we are of opinion that a new trial must be had.” Brightman v. Eddy, 97 Mass. 478, at 482. King v. Nichols, 138 Mass. 18, at 23.
. “The remaining question is whether the instruction requested by the plaintiffs was sufficient to call for an instruction as to the rule of responsibility by which the defendants were bound. We think that, though not expressed with entire precision, it was. The plaintiffs were not entitled to have the instructions given as requested, but they were entitled to have the rule of law stated by which the liability of the defendants was to be determined.” Cork v. Blossom, 162 Mass. 330, at 334.
“The principal question in this case is as to the refusal of the judge to instruct the jury, as requested by the defendant, that if the defendant laid the facts before his .counsel and acted upon his legal advice as to arresting or causing the arrest of the plaintiff, he was not liable. This states in a somewhat abbreviated form the rule which has long existed in this Commonwealth. . . . 'Of course to make the advice of counsel a defense the person consulting him must act in good faith, and he must make a full and honest disclosure of all the material facts within his knowledge and belief. If the judge had added these elements to the request, the defendant would have no grounds of exceptions, but it *215 seems to us that it would be too narrow and technical a view to hold that this exception must be overruled because these elements were not added. The attention of the judge was called to the substantive defence of advice of counsel, and he should have given appropriate instructions upon the subject.” Black v. Birmingham, 174 Mass. 102, at 107.
‘ ‘ The defendant asked the judge to instruct the jury, ‘If the jury find that the speed of motorcycle was in excess of fifteen miles per hour while driving along Bay 'State Road prior to the accident, such speed was prima facie evidence of negligence. ’ This request was refused. It was not disputed that the plaintiff for a distance of six hundred feet from Sherborn Street continued to travel at a rate of speed in excess of fifteen miles an hour. There was evidence that the plaintiff was going at the rate of thirty-eight miles an hour. It could have been found upon all the evidence, including the rate of speed he was traveling when he passed the sedan, that for an eighth of a mile this speed had continued, nor was it disputed that it was a thickly settled district. This rate of speed was prima facie evidence of negligence, and it could have been found that it contributed to the accident. This request was not strictly accurate, in that it omitted reference to an eighth of a mile as ¡the distance run at that speed, but it was enough to direct the judge’s attention to an important branch of the case ... It was error to refuse this instruction and it was prejudicial to the defendant.” Bogert v. Corcoran, 260 Mass. 206, at 209.
“Even though the request was not strictly accurate in the general form in which it was presented, it was sufficient to direct the consideration of the judge to an important principle of law not adverted to in the charge, an omission which well may have resulted in harm to the defendant. ’ ’ Bergeron v. Forest, 239 Mass. 392, at 402.
“The requests while inaccurately speaking of ‘wilful and wanton negligence’ directed the attention of the judge to the aspect of the case, and he should have instructed the jury that the evidence was insufficient to *216 support the plaintiff’s contention.” Bilodeau v. Fitchburg & Leominster St. Ry., 236 Mass. 526, at 539.
“Where however, a request is sufficient for an instruction as to the rule of responsibility by which a defendant is bound, he is entitled to have the law stated,
. . . and this is true even though the request is not strictly accurate in the general form in which it is presented.” Bell v. Dorchester Theatre Co., 308 Mass. 118, at 123.
“The attention of the judge was called to the substantive . . . (issue) of advice of counsel, and he should have given appropriate instructions upon the subject.” Higgins v. Pratt, 317 Mass. 700, at 712.
The 9th request specifically called to the attention of the trial judge the issue of law that there was no evidence in the case which would warrant a finding that the plaintiff was entitled to recover a commission of $700. The request then went on to assume improperly that because there was no evidence another principle of law applied to the case. The vital part of the request was its first part, that there was no evidence in the case warranting a finding of $700. The request as made could not properly have been given. The situation is a perfect illustration of the example cited by Mr. Justice Lummus in Writ to Rescript, supra, that “a bad request, may suffice'to cover the point that is aimed at by the bad request”. A failure to cover the point aimed at, the absence of evidence, might require a new trial as in Brightman v. Eddy, supra and in King v. Nichols, supra. Such a reversal could have been avoided by his giving “appropriate instructions upon the subject” as in Bilodeau v. Fitchburg & Leominster St. Ry., supra. Bell v. Dorchester Theatre Co., supra. Higgins v. Pratt, supra. But the trial judge, regardless of what had been called to his attention, chose to ignore the situation, called to his attention by the “bad” request, and his action in the face of his own finding *217 that the agreement, between the plaintiff and the defendant Crosby, called for a commission of $300 to be paid by the defendants, in finding for the plaintiff for $700 was under the circumstances prejudicial error.
The 2d, 3d and 9th requests, if given, or otherwise properly disposed of, would have required a finding for the defendants. The finding for the plaintiff is to be vacated and judgment is to be entered for the defendants. Beggelman v. Romanow, 288 Mass. 14, at 20.